[Decided January 27, 1888.]

## E. W. LYEN *v.* S. M. BOND.

1. TROVER AND CONVERSION—PLEADING—COMPLAINT.—A complaint alleging that defendant took charge of plaintiff's hogs, agreeing to deliver them to a designated purchaser upon payment of the purchase price, and that he allowed such purchaser to dispose of part of the hogs without such payment, and himself disposed of the remainder and converted the proceeds, is sufficient, without objection to the pleading before trial, to sustain a verdict.

2. PLEADING—FAILURE TO DEMUR—WAIVER OF OBJECTIONS.—An objection to a complaint that it does not state facts sufficient to constitute a cause of action is not waived by failure to demur.

ERROR to the District Court holding terms at Ellensburg. Fourth District.

The facts sufficiently appear in the opinion of the court.

*Messrs. Houghton, Graves & Davidson,* for the Plaintiff in Error.

The complaint does not state a cause of action, in that it does not charge negligence on defendant. The case made by complaint is a bailment by defendant, and negligence must be charged. (Wharton on Negligence, 482, 500; 2 Parsons on Contracts, pp. 87, 157; Story on Bailments, secs. 23, 410; *St. Paul & Sioux City R. R. Co.* v. *Minn. & St. Louis R. R. Co.*, 26 Minn. 243, 37 Am. Rep. 404.)

*Mr. Daniel Gaby*, for the Defendant in Error.

An attempt by the bailee to dispose of the goods is a conversion. (Bigelow on Torts, p. 195.) If an agent entrusted with the property of his principal parts with it in any way, or for a purpose not authorized, he is liable for a conversion, though there was no wrongful intent on his part. (*Laverty* v. *Snethen*, 68 N. Y. 522, 23 Am. Rep. 184.) Every unauthorized taking of personal property, and all intermeddling, is a conversion. Where a person entrusted with property delivers it over to a third person contrary to orders, it is a conversion. (Addison on Torts, sec. 467; Story on Bailments, sec. 188.) The factor must obey instructions, or he will be liable as for a conversion. (*Scott* v. *Rogers*, 31 N. Y. 676.)

Mr. Chief Justice JONES delivered the opinion of the court.

Defendant in error was the plaintiff below, and his complaint in this action is in these words:

"Plaintiff complains of defendant and alleges:

"That on or about the 3d day of October, 1884, in the county of Kittitas and Territory of Washington, plaintiff having agreed to sell forty head of hogs to Janes and Davenport, said hogs to be driven across the Cascade Mountains to Seattle, on Puget Sound, in said Territory of Washington, to be paid for on delivery at said town of Seattle; said hogs were placed in charge of defendant, he taking from plaintiff a statement of the purchase price, to-wit: the sum of four hundred dollars ($400).

"The defendant, at the time before mentioned, took charge and control of said forty head of hogs from plaintiff, and

agreed with plaintiff to deliver said hogs at the town of Se-
attle to said Janes and Davenport upon the payment to him
of the sum of four hundred dollars ($400), which sum said
defendant agreed to pay plaintiff, less his (defendant's)
reasonable charges for taking care of the property.

"Said hogs of plaintiff were marked with a smooth crop
off the right ear and a swallow-fork off the left ear so as to
distinguish them from other hogs, said defendant having
charge of a drove of hogs, part of which were his own, all
of said hogs in said drove being in charge of E. W. Lyen,
as this plaintiff is informed and believes.

"Defendant, against the express direction of plaintiff, al-
lowed said Janes and Davenport, or either of them, to sell
and dispose of a portion of the said drove of hogs, includ-
ing the forty head of hogs, the foundation of this action,
and himself, on or about the 1st day of November, 1884,
disposed of the remainder of said drove of hogs, including
the forty head of plaintiff's hogs, receiving for said re-
mainder the sum of about fifteen hundred dollars ($1,500),
which sum he appropriated to his own use and benefit, and,
though often demanded, has failed and refuses to pay plain-
tiff any part of said sum of four hundred dollars ($400).

"Twenty dollars is a reasonable compensation to defend-
ant for his trouble in taking charge and care of said hogs.

" Wherefore, plaintiff prays judgment against defendant
for the sum of $380 and interest thereon at the rate of ten
per cent. per annum from the 1st day of November, 1884,
and for costs of this action."

The plaintiff in error here insists that this complaint does
not state facts sufficient to constitute a cause of action.

There was no demurrer in the trial court. The point,
however, is not waived thereby, but may be raised here for
the first time.

The verdict was against the defendant Lyen for the sum
of $225. After the verdict Lyen moved for a new trial, and
then raised the question as to the sufficiency of the com-
plaint, and was overruled.

He renewed the same objection on a motion in arrest of

judgment, and was again overruled. To each of these rulings he excepted, and now renews his objection in this court.

While it is true that such an objection is not waived by not demurring, yet where a defendant answers the complaint and goes to trial upon the merits, the complaint ought to be strongly construed against him and the verdict sustained, if by any reasonable intendment it can be upheld.

This complaint is, without doubt, subject to criticism, but it may be gathered therefrom that plaintiff seeks to recover of defendant the value of certain swine of plaintiff's sold by defendant, for the proceeds whereof defendant has not accounted, but has converted the same to his own use. The transcript shows that the trial was had on that basis. Defendant's answer was a general denial, and the verdict of the jury was evidently on these issues.

The charge of the court is not included in the transcript, and no doubt was satisfactory to the parties, and correctly stated the law, and fairly submitted the case to the jury on the questions here indicated.

It is further objected that the evidence is insufficient, but, upon examination, we are unable to say that there was not enough to justify the submission of the cause to the jury.

These are the only questions raised on the motions below, and are all the points contained in the brief here.

We are satisfied that the objections were properly overruled by the District Court. The judgment is affirmed.