[No. 585.  Decided January 31, 1889.]

THOMAS JOHNSON v. FRED LEONHARD.

PUBLIC LANDS—ENTRY ON COAL LANDS—PUBLIC POLICY—PLEAD-
INGS—CURED BY VERDICT.

When a person has entered as much coal land as the statutes of
the United States permit, a contract whereby another person is to
enter additional coal land, obtain the title, and then convey it to the
first, is contrary to public policy.

After verdict, when no motion has been made to make more
definite and certain, the pleadings will be liberally construed to
sustain the judgment.

*Error to District Court, Kittitas County.*

*Reavis, Mires & Graves,* for plaintiff in error.

*E. P. Cadwell,* and *Pruyn & Ready,* for defendant in
error.

The opinion of the court was delivered by

LANGFORD, J.—This is a case wherein the plaintiff in
error, Thomas Johnson, brought an action in the district
court against Fred Leonhard for $4,000 for the breach of
a certain contract to convey the title to certain coal land.
The answer set up that said contract was one link in the
chain whereby a conspiracy was effected that one Imbrie
should in his own name enter certain coal lands, and ob-
tain title thereto as the agent, and for the use and benefit,
of a corporation named the " Northern Pacific Coal Com-
pany," the said company at the time having entered in its
own name, and holding more coal land than the statutes
of the United States permitted it to enter or hold; and, in
order to procure more land than the statutes permitted the
company to enter and hold in its own name, this contract
was made so that the company, though the actual person
for whom the entry was to be made, should make the entry
in the name of another, that the same might be held and

owned for the sole use and benefit of the company. Upon these issues the jury found a verdict for the defendant, judgment was entered thereon, and plaintiff assigned error.

No evidence or instructions are brought to this court, so the sole question before this court is, whether the pleadings will support the verdict and judgment. The jury found specially and generally as follows: "Did the plaintiff, at any time before the 1st day of May, 1887, inform defendant that he was ready to pay the contract price of the land described in the contract sued on and to receive deed to the same, and did defendant then notify plaintiff that he considered said contract void and that he would not carry out the same? Yes. At the time the contract sued on was made, was the land, the subject of said contract, public lands of the United States? It was. Was said land coal land? Yes. Did one James Imbrie have a coal-land filing on said land? Yes. In making the contract sued on, was the plaintiff acting for himself or as the agent of the Northern Pacific Coal Company? We find that he was acting as agent for Logan M. Bullitt, of the Northern Pacific Coal Company. If you answer that plaintiff was acting as agent for the Northern Pacific Coal Company, was said contract a part of a scheme known to and concurred in by plaintiff and defendant to induce James Imbrie to enter said land for the benefit of the said Northern Pacific Coal Company? Yes." The jury also found a general verdict for the defendant.

The plaintiff in error claims that the special findings conflict with the general findings. We find there is no such conflict. The answer is somewhat indefinite, but after verdict, when no motion has been made to make more definite and certain, the pleadings will be liberally construed to sustain the judgment. The plaintiff in error insists that it is not contrary to public policy for one in possession with right to enter to sell such right to another, so that the other may enter the land in his own name. This may be con-

ceded, but the contract in this case is not to that effect, but
the allegation is that the fee obtained in Imbrie's name is
to be obtained for, and for the benefit of, the Northern Pa-
cific Coal Company.   The statutes of the United States
limit the amount of land which any person or company
may enter or hold.   The Northern Pacific Coal Company,
having exhausted their right, could not acquire more.
Such contracts are against public policy, not because they
are for the purchase of a right to enter coal lands, but be-
cause they attempt to, in fact, enter land which the statutes
prohibit them from entering or holding, while they conceal
the illegal design under the name of another.

The pleadings sustain the verdict, and the verdict sus-
tains the judgment.   Let the judgment be affirmed.

BURKE, C. J., and ALLYN, J., concur.