[No. 34.   Decided February 24, 1890.]

A. E. KING v. THE ILWACO RAILWAY AND NAVIGATION COMPANY.

PLEADING — CORPORATE NAME — DEFECTS CURED BY JUDGMENT — ANSWER.

A complaint alleged that the plaintiff company was duly incorporated as "The Ilwaco Steam Navigation Company," and afterwards, by order of, and pursuant to, a vote of its stockholders, at a meeting called for that purpose, the name was changed to the "Ilwaco Railway and Navigation Company;" and there was no allegation that supplemental articles were filed, as required by Code Wash. T., § 2422. After answer and reply were filed, judgment was entered on the pleadings in favor of plaintiff. *Held*, all reasonable intendments will be taken in favor of the pleadings to support a judgment, and it will be inferred that such articles were filed.

Where the attempt to change the corporate name was futile, either because there was no law authorizing it, or because the law was not complied with, and enough appears in the complaint to identify the company under one of two names, the defect will not be held fatal after judgment.

Where the answer to a complaint fails to deny any material allegation thereof, and the affirmative matter pleaded in answer totally fails to constitute any defense, no issue is raised, and there no error in rendering judgment for plaintiff on the pleadings.

*Appeal from District Court, Pacific County.*

The facts are fully stated in the opinion.

*Ira Jones,* and *B. F. Dennison,* for plaintiff in error.

The plaintiff did not demur to the new matter stated in the answer, but filed a reply denying the same. The motion for judgment on the pleadings, therefore, came too late. A judgment on the pleadings, while such an issue of fact is pending, is erroneous. The statute does not authorize a plaintiff to demur, or to make such motion, after filing a reply denying the new matter in the answer. Code, §§ 86–8; 15 Iowa, 438; *Van Valen v. Lapham,* 13 How. Pr. 240.

The office of a demurrer, and of a motion for judgment on the pleadings, is to admit the facts for the purpose of testing their sufficiency; neither can be interposed while the plaintiff is denying the facts.

The complaint shows that the "Ilwaco Steam Navigation Company" is the owner of the alleged subscription paper, — not the "Ilwaco Railway and Navigation Company."

A corporation cannot sue or be sued otherwise than in its corporate name.

A corporation can only change its name by complying with § 2422 of the code, namely, by filing "supplemental articles." This is not alleged.

The complaint shows on its face that the so-called corporation plaintiff is not, and was not at any time, incorporated as or in the name of "The Ilwaco Railway and Navigation Company."

*Fulton Bros.,* for defendant in error, cited *Blair v. Buttolph,* 33 N. W. Rep. 349; 2 Pars. Cont. 769.

The opinion of the court was delivered by

SCOTT, J. — The question presented in this case is on the construction of the pleadings. . The complaint (omitting the formal parts) is as follows:

" The above named plaintiff, complaining of the above named defendant, for its cause of action, alleges: That the plaintiff is, and during all the time therein alleged was, a corporation duly formed, incorporated, organized and existing under and by virtue of the laws of the Territory of Washington, for the purpose, among other things, of building, equipping, operating and maintaining a railroad from the town of Ilwaco, in Pacific county, Washington Territory, to a point on Shoalwater Bay, in said county. 2. That said corporation was, prior to the 6th day of August, 1888, incorporated as, and known as, and named 'The Ilwaco Steam Navigation Company, and on the 6th day of August, 1888, by order of and pursuant to a vote of its stockholders, at a meeting called for that purpose, said name was changed to the ' Ilwaco Railway and Navigation Company,' and it has ever since been known and gone by that name, and that is its present name. 3. That heretofore, in the year 1887, the defendant, being a resident of and property owner in said county, with other persons entered into with one I. W. Case, and signed a certain subscription paper or agreement in words and figures as follows, to wit: ' This agreement witnesseth: That in consideration of I. W. Case or his assigns constructing and equipping a narrow-gauge railroad from Ilwaco, Washington Territory, through Ocean Park, to a point on Shoalwater Bay, in said territory, by the first day of June, 1889, each of the undersigned agrees to pay to the said I. W. Case or his assigns the amount set opposite his name, by him subscribed, and agrees to pay the same on the day, within said period, that the first steam engine with passenger coach attached passes over said road from Ilwaco to Shoalwater Bay.' ' Name of subscriber.' 'Amount subscribed.' That among others the said defendant subscribed his name to said agreement, and set opposite his name, so subscribed, the sum of $150, and delivered said contract to said Case, and thereby agreed to pay said Case or his assigns the said sum of money on the conditions in said agreement set forth and contained. 4. That thereafter, on the 17th day of July, 1888, the plaintiff proposed to said Case to construct said road for said subscription, and B. A. Seaborg and L. A. Loomis, being trustees for said plaintiff, said Case assigned said subscription and said agreement and all his

rights thereunder, to them; and thereafter, on the 21st day of July, 1888, said Seaborg and Loomis assigned and set over and transferred to plaintiff said subscription and agreement, together with all their rights thereunder, to plaintiff. That at that time there was no railroad between said points, and on the faith of said contract and subscription, and relying thereon, and for the purpose of accepting the same, complying with the terms thereof, and earning said sum of $150, and all other sums subscribed thereto, plaintiff did, prior to said first day of June, 1889, construct and equip a narrow-gauge railroad from Ilwaco, Washington Territory, through Ocean Park, to a point on Shoalwater Bay, in said county and territory, and expended large sums of money in so doing, and plaintiff did so construct and equip said road, and run a passenger train, that is to say, a steam engine with a passenger coach attached thereto, over said road from Ilwaco aforesaid, to a point on Shoalwater Bay aforesaid, prior to the first day of June, 1889, to wit: On the — day of May, 1889.   5. That though often demanded, defendant has paid no part of said sum of $150, but the whole thereof is now due and owing, and unpaid, from defendant to plaintiff; and plaintiff demands judgment against the defendant for said sum, with its costs and disbursements of this action."

The defendant's answer (omitting the formal parts) is as follows:

" Now comes the above named defendant, E. A. King, and for answer to the plaintiff's complaint, alleges: That before and at the time defendant signed the agreement, mentioned in the complaint, one I. W. Case, by his agent, L. A. Loomis, falsely and fraudulently represented to the defendant that he intended to build, construct and equip a narrow-gauge railway from Illwaco to Shoalwater Bay, passing through Ocean Park from one end to the other, and through Clark's addition thereto, on a straight line, and that the terminus was located on the land of Charles Sengren, and that said line and terminus was definitely and permanently located, as aforesaid, on said line and land, and then and there plaintiff requested the defendant to subscribe said written contract, mentioned in the complaint; and the said I. W. Case well knew, before and at the time defendant signed said contract, that said line and terminus

was not so located or definitely located; and that said false and fraudulent representations were made with intent to cheat and defraud the defendant; that defendant relied upon said false and fraudulent representations and signed said contract, and agreed, on the face of the same, to pay said sum of $150, and not otherwise.    Whereof defendant asks judgment for his costs and disbursements against the plaintiff."

The plaintiff replied denying the allegations of the answer, and afterwards filed his motion for judgment on the pleadings for the amount asked in the complaint.    The court granted the motion and the defendant appealed.  He alleges that the complaint does not show a cause of action in the plaintiff named; that there was no such corporation as "The Ilwaco Railway and Navigation Company;" and that otherwise the defendant was entitled to a trial upon the merits.

It is conceded by appellant that a private corporation may by its own act, under code, § 2422, change its corporate name by filing supplemental articles.  The claim is made, however, that the plaintiff did not comply with the law in attempting to change its name; that the complaint shows that the change was sought to be made simply by a vote of the stockholders; that such action was illegal, and consequently that the complaint fails to show a cause of action in the plaintiff.    We do not deem it necessary to decide whether, under the law, a private corporation can change its name at will, by its own act.    As this point is conceded by appellant we adopt his view for the purposes of this case, but we do not agree with the view he takes of the complaint.    After judgment a different and more liberal rule obtains in the construction of a pleading from that recognized before judgment.  All reasonable intendments will be taken in favor of the pleading to support a judgment.    And we think that from the complaint, viewed in the light of this liberal rule, a fair inference may be drawn that a change of name was made

in the manner conceded by appellant to be authorized by law, viz., by filing supplemental articles, and that the same was so done on August 6, 1888, by order of and pursuant to a vote of its stockholders previously had. Upon the other hand, if the attempt to change the corporate name was futile, either because there was no law authorizing it, or because the law was not complied with, if it does authorize it, it follows that the plaintiff's name was, at the time the action was prosecuted, "The Ilwaco Steam Navigation Company," and not "The Ilwaco Railway and Navigation Company," appearing as plaintiff in the entitling of the case. However this may be, enough appears in the complaint to identify the plaintiff. It was the same corporation under one name or the other. If the plaintiff's name in the entitling of the action was wrong, this was an irregularity which should have been taken advantage of in the court below. There is enough in the complaint to identify the plaintiff under one of two names. We do not think if the plaintiff did undertake to prosecute the suit under an illegal name in the entitling of the cause, that it is such a defect as will be fatal to the case against the objection urged here that the complaint fails to show a cause of action in the plaintiff, especially when viewed in the liberal light it is entitled to be viewed in after judgment.

As to the further allegation that the court erred in rendering judgment for the plaintiff on the pleadings, we think the action of the court was proper, as the answer did not raise any issue. No material allegation of the complaint was controverted by it. The affirmative matter pleaded totally failed to constitute any defense. There is no allegation in the answer, nor does it anywhere appear that the road was not constructed and terminated in accordance with the statements therein set forth as made by the agent, and within the time prescribed. The answer simply alleges that it was not located, or definitely located, as rep-

resented by said agent, at the time the defendant signed the subscription.    It appears to us that this question as to the time of locating was an immaterial matter, if the road was subsequently constructed and terminus located according to the representations alleged to have been made.    The defendant makes no claim that this was not done.    In no way does he attempt to show or claim that he was injured by the fact that the line of road and the terminus at Shoalwater Bay were not located, or definitely located, at the time he subscribed the amount specified.    And whatever defense the matters set up might have constituted, had these other matters been pleaded, they had no effect and raised no issue in the present case.    The judgment of the lower court is therefore affirmed.

ANDERS, C. J., and DUNBAR, HOYT and STILES, JJ., concur.