[No. 2138.   Decided October 2, 1896.]

ALFRED MOSHER *et al.*, *Respondents*, *v.* CHARLES BRUHN *et al.*, *Defendants*, SEATTLE HARDWARE COMPANY, *Appellant.*

SUFFICIENCY OF COMPLAINT — WAIVER OF OBJECTIONS — INTERPLEADER.

Where the objection that the complaint does not state a cause of action has been raised in the lower court by demurrer, and the demurrer has been subsequently waived, the defendant cannot raise the objection of insufficiency of the complaint on appeal, as Code Proc., § 193, permitting the defendant to raise the objection at any stage of the proceedings that the complaint does not state a cause of action has no application to cases where the point has been once raised in the lower court by demurrer and then abandoned.

When a complaint is attacked after judgment for want of facts to state a cause of action, it must be most liberally construed and the judgment sustained, if by any reasonable intendment it can be.

A complaint in an action of interpleader is sufficient, especially when first objected to after judgment, when it alleges that plaintiff was indebted to a certain firm, that it had been garnished by two creditors of said firm, one of whom had obtained a judgment against plaintiff, but that the other garnishing claimant is assailing such judgment as void, that plaintiff is willing to pay the money due the principal debtor to the party entitled thereto and offers to pay said money into court to be applied as the court shall determine.

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge. Affirmed.

*Bronson & Clark,* for appellant.

*Bausman, Kelleher & Emory,* for respondents.

The opinion of the court was delivered by

GORDON, J.—The respondents were, on the 18th day of November, 1893, indebted to the firm of Charles H. Baker & Co. in the sum of $913.79. On that day the appellant, the Seattle Hardware Company, commenced an action for the recovery of money, against said firm, and at the same time sued out a writ of garnishment and caused the same to be served upon the respondents. Thereafter such proceedings were had that judgment was rendered in said garnishment proceeding against respondents for the sum of $913.79. Subsequently the firm of Bruhn & Henry caused an execution to be issued on a judgment recovered by said firm against said firm of Baker & Co., and caused a garnishment thereunder to be served upon the respondents, and an order requiring respondents to appear for the purpose of being examined upon supplementary proceedings. Thereupon respondents brought this action of interpleader under § 153, Code Proc., (Vol. 2, Hill's Code), which is as follows :

"Any one having in his possession, or under his control, any property or money, or being indebted, where more than one person claims to be the owner of, entitled to, interested in, or to have a lien on such property, money or indebtedness, or any part thereof, may commence an action in the superior court against all or any of such persons, and have their rights, claims, interest, or lien adjudged, determined and adjusted in such action."

The complaint, in addition to the facts already set forth, alleges that the firm of Bruhn & Henry assert " that the proceedings in garnishment instituted by

said Seattle Hardware Company are without jurisdiction and void." The complaint also alleges that the appellant threatened and was about to issue execution upon the judgment recovered against the respondents in such garnishment proceedings. Also that the firm of Bruhn & Henry were pressing their garnishment against respondents; and continuing, says :

"There is danger that judgment will also be rendered in favor of said Bruhn & Henry and against plaintiffs, and that plaintiffs will be compelled to pay said indebtedness twice; that the amount claimed by each of said firm is equal to the total amount of indebtedness due from the plaintiffs to said Baker & Co.; that these plaintiffs are able and willing to pay said sum of $913.79 to the party entitled thereto, and only desire that the court shall determine to whom said money is entitled and offer at any time upon the order of said court to pay said sum into court for the satisfaction of said indebtedness against them."

A demurrer to the complaint was filed by the appellant, and on the same day it answered, setting up affirmatively its judgment recovered in the garnishment proceeding already referred to. Subsequently the lower court, all the parties being present, granted a temporary injunction, restraining both the appellant and also the firm of Bruhn & Henry from further proceedings in garnishment; and also made an order directing the respondents to pay the money which it was owing Bruhn & Henry into the registry of the court, which the respondents proceeded at once to do. Thereafter an issue was formed between appellant and the firm of Bruhn & Henry, and a judgment and decree entered by the lower court on July 13, 1895, adjudging the garnishment proceeding of the appellant against the respondents void and inoperative, and perpetually enjoining the appellant

from enforcing or collecting its judgment rendered therein or from taking any further proceedings thereon. Also that the defendants Bruhn & Henry were entitled to the fund paid into court. From this judgment and decree the Seattle Hardware Company has appealed.

Prior to the giving of notice of appeal, the court, further proceeding in said cause with all of the parties before it, made a further order and judgment directing the clerk of the court to pay to Bruhn & Henry the sum of $833 from said fund. No exception was taken or reserved thereto by the appellant.

The sole ground relied upon for a reversal is that the complaint fails to state a cause of action. No question of jurisdiction is raised in the case. Counsel for the respondents insist that the appellant cannot be heard to urge this objection, claiming that it waived its demurrer in the lower court by neglecting to bring it on for hearing and by putting in an answer and proceeding to trial upon the merits. We think this contention must be sustained. The record fails to show that the attention of the lower court was ever called to the demurrer. It does not show that the appellant sought or obtained any ruling from the lower court thereon, but does show that it proceeded to litigate with the respondents, and the firm of Bruhn & Henry, upon the merits, in which litigation it was unsuccessful. Appellant insists that the Code (§ 193), permits it to raise the point here for the first time. The answer is that it raised it below by demurring and abandoned the point when it abandoned its demurrer.

Aside from this, however, we think the complaint is sufficient, at least as against an objection to it raised here for the first time. A complaint when so

attacked is entitled to be most liberally construed, and the judgment sustained if by any reasonable intendment it can be. *Johnson v. Leonhard,* 1 Wash. 564 (20 Pac. 591); *Lyen v. Bond,* 3 Wash. T. 407 (19 Pac. 35).

While it is true that the complaint shows that appellant had obtained a judgment in garnishment proceeding against respondents, it also showed that the validity of appellant's judgment was assailed by the rival claimant to the fund, who asserted that the judgment was void, and this, as already noticed, is precisely what the lower court found. We think that enough was stated in the complaint to make the case a proper one for interpleader under the statute.

Affirmed.

SCOTT and DUNBAR, JJ., concur.

ANDERS, J., concurs in the result.