[No. 2983. Decided December 28, 1898.]

## C. T. B. HALL, *Respondent,* v. JAMES H. WOOLERY, *Appellant.*

**REVIEW ON APPEAL—RECORD—ABATEMENT OF ACTION—WHEN COMPLAINT LIBERALLY CONSTRUED.**

The action of the trial court in reinstating a cause on the calendar after its dismissal for failure to furnish security for costs will not be reviewed on appeal, in the absence from the record of the petition on which it was based.

An order of the trial court abating an action until the trial of a subsequent action between other parties, which involves a portion only of the property involved in the action abated, is erroneous.

In the absence of a demurrer, a complaint is entitled to be liberally construed respecting the necessary allegations.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*Hastings & Stedman,* for appellant.

*R. F. Laffoon,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Plaintiff is the wife of Charles J. Hall. She brought this action to recover possession of certain personal property which the complaint alleges was owned by her in her own right. The defendant was sheriff of King county, and as such sheriff, under an execution against the property of plaintiff's husband and one George B. Hall, levied upon the property here in suit. The case was tried to a jury and a verdict rendered in plaintiff's favor, upon which judgment was entered, and the defendant has appealed.

1. It appears that in October, 1894, this action was dismissed because of plaintiff's failure to furnish security for

costs; that it was subsequently reinstated, the order re-
instating the cause reciting that "the same hereby is rein-
stated on the trial calendar, and the petition to set aside
the judgment of dismissal heretofore entered in this cause
is sustained." Appellant complains of the order reinstat-
ing the cause, but has not brought to this court *the petition*
upon which it was based, and it must be presumed that it
was sufficient to authorize the action taken.

2. After the commencement of this action, suit was in-
stituted by John U. Brookman and wife against the State
Insurance Company, to recover possession of a portion of
the property involved herein; and the court sustained
appellant's motion to abate until the termination of the
Brookman action, but subsequently set the cause for trial
and refused a continuance. We think the court committed
palpable error in entering the order abating this action
during the pendency of the other case. This action was
commenced prior to the other, and there was no identity
of parties or of subject matter. Under such circumstances
the order constituted no bar to the setting of the cause for
trial. The orders were made by the same court in the
same action, and the last order made should operate to
revoke the former one. At all events, it was right, and
forms no basis for an exception.

3. There was no demurrer to the complaint, but de-
fendant's counsel objected to the introduction of any evi-
dence, on the ground that it does not appear therefrom
that any part of the property in controversy was situated
in King county at the time of commencing the action. In
the absence of a demurrer seasonably interposed, the com-
plaint is entitled to be most liberally construed. It alleges
that the defendant, as sheriff of King county, at plaintiff's
ranch in that county, took possession of and converted the
property and still detains the same. This we think suf-
ficient, under the rule above stated.

4. The charge of the court, considered as a whole, was eminently fair and correctly stated the law. The evidence was conflicting, and the verdict rendered must be sustained. We have discovered nothing in the record calling for a reversal, and the judgment is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.