[No. 8258.   Department Two.   January 8, 1910.]

## H. M. RAMEY, JUNIOR, *Respondent*, v. L. C. SMITH *et al.*, *Appellants.*[1]

APPEAL—REVIEW—OBJECTIONS NOT URGED BELOW.   Upon appeal from an order refusing to vacate a judgment, the supreme court will consider only the points raised in the court below.

JUDGMENTS—DEFAULTS—VACATION—EXCUSABLE NEGLECT.   It is not an abuse of discretion to deny a motion to vacate a default judgment on the ground of excusable neglect, where the only excuse was a business trip of the defendant's attorney taking him outside the state, the attorney having had thirteen days in which to prepare a demurrer to a complaint which he claimed failed to state a cause of action, and the answer prepared containing nothing but denials and admissions, and no excuse being offered for not appearing within the thirteen days.

SALES—CONDITIONAL SALES—WAIVER OF CONDITION—PASSING OF TITLE.   Where the vendor in a conditional sale of a piano, after payments are made, elects to declare the whole sum due and recovers personal judgment against the vendees for the balance unpaid, the vendor waives his interest in the piano and the title vests in the vendees; and an allegation of a sale thereafter by the vendees to another, for value, sufficiently shows title in such other.

PLEADINGS—WAIVER OF OBJECTIONS—AIDER BY JUDGMENT—DEFAULTS.   Technical objections to a complaint that might have been taken by demurrer or motion are waived by default in appearance, and the complaint will be liberally construed after judgment, although the judgment was by default.

Appeal from an order of the superior court for King county, Ronald, J., entered April 13, 1909, refusing to vacate a judgment.   Affirmed.

*Herbert E. Snook* and *Hastings & Stedman,* for appellants.

*Higgins, Hall & Halverstadt* and *Kerr & McCord,* for respondent.

[1]Reported in 106 Pac. 160.

PARKER, J.—This is an appeal from an order denying a motion of defendants to set aside and vacate a default and judgment rendered thereon against them in this cause.

This action was commenced in the superior court for King county on March 20, 1909, by personal service upon the defendants within the state. On April 13, 1909, the defendants having failed to appear, they were each adjudged to be in default, and judgment was entered against them accordingly as prayed for. On April 20, 1909, the defendants filed a motion to vacate and set aside the default and judgment, which motion was supported by an affidavit of one of their attorneys as follows:

"That he is the attorney for the above-named defendants; that the above entitled action was commenced on the 20th day of March, 1909, and that on the same day a copy of said summons and complaint was served upon L. C. Smith, former sheriff of County of King and State of Washington; that on the 20th day of March, aforesaid, said L. C. Smith called at the office of affiant and delivered said papers in person; thereafter, to wit, on the second day of April, affiant made a trip to Southern Oregon to the town of Grant's Pass, Josephine County, upon a matter of business; that at the time of departure affiant had carefully calculated that he would not be absent to exceed six (6) days, and upon arrival at Grant's Pass it appeared to affiant that he would not be detained there longer than as originally contemplated, but to the surprise, as well as the disappointment of affiant, it became necessary to remain there a few days longer, and that the total period of affiant's absence from the city was two (2) weeks; that upon affiant's return to the City of Seattle, he was informed that a default had been entered against his clients for failure to answer; that by reason of the foregoing facts it was impossible for defendants to have entered their appearance or file an answer within the time prescribed by law; and that affiant has not, in any other particular, been dilatory or negligent in entering his appearance in this case; that when affiant understood that such default had been taken against his clients, he communicated with Mr. Ramey, the plaintiff above named, stating all the facts as aforesaid, and re-

quested him, as a common courtesy, to stipulate for the vacation of said default, and to permit affiant to file an answer, which request was refused; that defendants have a good and meritorious defense of said action, and they deny each and every allegation contained in the complaint affecting either of the defendants; and that on the face of the complaint it does not state facts sufficient to constitute a cause of action."

The only grounds stated in the record for the vacation of the judgment are: (1) "Excusable neglect which ordinary prudence and diligence could not have prevented," which is stated in the motion; and (2) that "the complaint does not state facts sufficient to constitute a cause of action," which is stated in the affidavit. Other grounds are argued in appellants' brief, but we are not called upon to deal with any grounds urged save those which the record shows were presented to the trial court, being the two above mentioned.

It will be noticed that the only excuse furnished for neglect of appellants to appear in the cause was that their attorney had business which took him out of the state on April 2d, which was thirteen days after he received from his clients, the appellants, the summons and complaint which had been served upon them and received by him March 20th. It is not pretended that there was any excuse for failure to appear and plead within these thirteen days. If counsel in good faith believed the complaint did not state a cause of action, the matter of demurring thereto would have been the work of only a few moments, and in view of the fact that the answer, which is tendered with the motion to vacate, contains nothing but denials and admissions of the allegations of the complaint, the labor of its preparation was also evidently very small. We are quite unable to see how it can be reasonably claimed that the learned superior court abused his discretion in refusing to vacate the default judgment on account of excusable neglect. Indeed, it could be much more reasonably contended that it would have been an abuse of discretion to have decided otherwise. *Sanborn*

*v. Centralia Furniture Mfg. Co.*, 5 Wash. 150, 31 Pac. 466.

The other contentions of the appellant relate to the sufficiency of the complaint to sustain the judgment. The substance of the allegations of the complaint, so far as necessary to be noticed, are that at all times mentioned defendant Smith was the sheriff of King county, and the defendant American Bonding Company was surety upon his official bond; that in April, 1907, one Trumbell and wife entered into a contract of conditional sale of a piano to them by Kohler & Chase, a corporation, for which they were to pay $275 in installments, agreeing that "if any payment is not paid when due . . . Kohler & Chase, their agents or assigns, shall have the right, at their option, to force the payment of the total amount due or enter and take possession of said property . . . and retain all that has been paid;" that after payment by the Trumbells of several installments, and failure to pay others when due, Kohler & Chase elected to declare the whole of the balance of the purchase price due, and brought an action in the superior court of King county against the Trumbells, alleging and setting up its election to declare the whole of the purchase price due, and prayed for judgment against the Trumbells therefor; that thereafter, in February, 1908, there was rendered in said action, at the instance of Kohler & Chase, a personal judgment against the Trumbells for the whole of the unpaid balance of the purchase price of the piano; that in March, 1908, the respondent, for valuable consideration, became the owner of the piano, by transfer from the Trumbells, a formal bill of sale being executed by the Trumbells in consummation thereof on May 8, 1908; that thereafter, in May, 1908, under an execution issued upon said judgment at the instance of Kohler & Chase, the appellant Smith as sheriff seized and took into his possession said piano, after he had been notified and fully informed of respondent's ownership thereof, and also after Kohler & Chase had been so notified; that respondent demanded the return of the piano, but return there-

of was refused. It also appears by the complaint that the piano was in the possession of Mrs. Trumbell when seized by the sheriff. Judgment was prayed for, and upon default of appellants, was rendered against them as above stated.

The principal contention made against the sufficiency of this complaint to support the judgment is that it does not show that respondent was, at the time of seizure of the piano by the sheriff, the owner thereof instead of the Trumbells, against whom the execution ran. It seems to us, however, that the allegations of the complaint showing that Kohler & Chase had elected to sue for the entire balance of the purchase price, and to have a personal judgment entered against the Trumbells therefor without reference to its right of forfeiture showed they waived their right of property in the piano, and that it thereby became the property of the Trumbells and no more subject to the debt evidenced by the judgment than any other property they may have had; and the further allegation of the transfer of the title of the piano from the Trumbells to respondent by bill of sale for valuable consideration before seizure thereof by the sheriff showed title in the respondent instead of the Trumbells at the time of the seizure; and the seizure being made with knowledge of these facts on the part of the sheriff, if was of course wrongful, for which he and the surety upon his official bond would be liable in damages to the owner.

Other objections are urged against this complaint, but they are only such matters as were waived by the appellants. suffering the default and judgment to be rendered against them. We are not now concerned with questions of technical defects as to form or otherwise in this complaint, whatever there may be, of that nature which appellants could have successfully challenged by motion or demurrer, had they appeared in the action and so attacked the complaint at the proper time. This being an attack upon the sufficiency of the complaint after final judgment it will be liberally construed, and all reasonable intendments will be taken

in its favor to support the judgment. Of course the judgment must be within the scope of the allegations and prayer of the complaint which this judgment clearly is. Touching the liberal rule of construction of pleadings after judgment, the following decisions of this court are applicable: *King v. Ilwaco R. & Nav. Co.*, 1 Wash. 127, 23 Pac. 924; *Montesano v. Blair*, 12 Wash. 188, 40 Pac. 731; *Mosher v. Bruhn*, 15 Wash. 332, 46 Pac. 397; *Bishop v. Averill*, 17 Wash. 209, 49 Pac. 237, 50 Pac. 1024; *Hall v. Woolery*, 20 Wash. 440, 55 Pac. 562; *Carey v. Hays*, 41 Wash. 580, 84 Pac. 581.

This rule of construction has no less force when applied to default judgments than to others. A party suffering a default judgment to go against him without excuse waives technical defects in the complaint upon which such judgment is based, as when he appears in a cause and waives such defects by proceeding without objecting thereto in the orderly manner provided by rules of procedure. We are of the opinion that the learned trial court should be affirmed in its disposition of the cause. It is so ordered.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.