[No. 18809.   Department One.   January 9, 1925.]

CATHERINE AID, *Respondent*, v. MILTON BOWERMAN *et al.*,
*Appellants.*[1]

Appeal from a judgment of the superior court for King county, Brinker, J., entered March 25, 1924, upon findings in favor of the plaintiff, in an action to recover the possession of real property, tried to the court.  Affirmed.

*Allen & Griffith*, for appellants.
*Warren H. Lewis* and *William Welch*, for respondent.

PARKER, J.—This is a companion case to one of the same title just decided by us, *Aid v. Bowerman, ante* p. 319, 232 Pac. 297.  The plaintiff seeks possession from the defendants of real property purchased by her at a sheriff's sale under an execution issued upon the same judgment drawn in question in that case, and held by the superior court and by this court to be a valid and binding separate personal judgment against the defendant Mrs. Bowerman, as well as against Mr. Bowerman and their marital community. The superior court rendered judgment in favor of the plaintiff, awarding her possession of the property as against the defendants, from which they have appealed to this court.

It is contended in behalf of appellants that the property in question was the separate property of Mrs. Bowerman at the time of the rendering of the judgment under which it was sold by the sheriff to the plaintiff and at the time of such sale.  This may be conceded for present purposes.  The principal controversy here, as in the case just decided by us, is as to the judgment under which the sale was had being a separate personal judgment against Mrs. Bowerman, as well as against Mr. Bowerman and their marital community.  Touching this question, the facts of this case are the same as in that case. Our decision in that case is, therefore, decisive of this case, in favor of the plaintiff; that is, that the property in question, though the separate property of Mrs. Bowerman, was subject to sale towards the satisfaction of the judgment so rendered against her.  The judgment here appealed from is, therefore, affirmed.

MAIN, C. J., PEMBERTON, BRIDGES, and TOLMAN, JJ., concur.

[1]Reported in 232 Pac. 300.