[No. 18810. Department One. January 9, 1925.]

CATHERINE AID, *Respondent,* v. MILTON BOWERMAN *et al., Appellants.*[1]

HUSBAND AND WIFE (41) — ACTIONS — DEFENSES BY HUSBAND OR WIFE—COMPLAINT—CONSTRUCTION. Bearing in mind the rule that a default judgment cannot award relief in excess of the cause of action pleaded, and that, after judgment, a complaint will be most liberally construed to warrant the relief prayed for, upon the wife's motion to vacate a default judgment against her individually on the ground that only the community was liable, a complaint against husband and wife states a cause of action against each individually as well as against the community, where it alleges that the husband for and on behalf of himself and the community executed a chattel mortgage to secure a loan which both husband and wife promised and agreed to pay, and the prayer was for judgment against the defendants and each of them.

PLEADING (33)—COMPLAINT—PRAYER FOR JUDGMENT. In case of ambiguity the prayer of the complaint may be considered in aid of the interpretation of a complaint, liberally construed after judgment.

Appeal from a judgment of the superior court for King county, Hall, J., entered November 13, 1923, de-

[1]Reported in 232 Pac. 297.

nying a petition to modify and set aside a judgment, after a hearing to the court. Affirmed.

*Allen & Griffith,* for appellants.

*Warren H. Lewis* and *William Welch,* for respondent.

PARKER, J.—This is an appeal by the defendant Alberta Bowerman from a judgment of the superior court for King county, denying the prayer of her petition to modify and set aside the judgment rendered by default against her by that court in this action, in so far as such judgment is in terms binding upon her beyond the obligation of the community composed of herself and the defendant Milton Bowerman. The claim of relief here made by her is rested upon the theory that the judgment was, in legal effect, rendered in fraud of her separate rights, in that the complaint in the action did not state facts constituting a cause of action against her, other than stating facts constituting a cause of action against the community composed of herself and Mr. Bowerman.

In February, 1923, the plaintiff, Catherine Aid, commenced this action in the superior court for King county, her complaint therein reading as follows:

"Catherine Aid,    Plaintiff,
                vs.
"Milton Bowerman and
Alberta Bowerman, his wife,
                Defendants.

"Plaintiff complains of defendants and for cause of action alleges:

"I.    That during all the times hereinafter mentioned and included the defendants were and now are husband and wife.

"II.    That heretofore, to-wit: on the 3rd day of November, 1920, at the special instance and request of the defendants, the plaintiff loaned to the defendants

the sum of Eleven Hundred Dollars ($1,100.00), which the defendants received from the plaintiff as a loan and in consideration thereof the said defendants promised and agreed to pay to the plaintiff the said sum of $1,100.00 in monthly installments of Fifty Dollars ($50.00) each beginning December 3, 1920, with interest on unpaid balances from time to time at the rate of 10% per annum.

"III.   That the defendants have not repaid the said sum of $1,100.00 nor any part thereof nor any interest thereon, save and except that the defendants have paid interest on said sum up to August 3, 1921, and no longer; that by reason of the premises the defendants are justly and truly indebted to the plaintiff in the sum of $1,100.00, together with interest thereon at the rate of 10% per annum from August 3, 1921.

"IV.   That at the time and place of the making of said loan, to-wit:   on November 3, 1920, at Seattle, Washington, for the purpose of securing the repayment of said loan, the defendant Milton Bowerman, for and on behalf of himself and of the marital community then and now existing between the defendants, made, executed and delivered to the plaintiff a certain instrument in writing in the form of a memorandum of conditional sale, but which was intended by both parties to be a chattel mortgage, covering a certain Jumbo two and one-half (2½) ton auto truck, No. 263, with a wood body painted gray, which said truck then and there was and still is the property of the defendants; that in and by the execution and delivery of said instrument it was the intention of the defendants to give to the plaintiff, and it was the intention of the plaintiff to receive from the defendants, security upon said truck for the repayment of said money, but through mutual mistake, misunderstanding and ignorance of the proper form of such instruments, the parties used a printed form of conditional sale contract to evidence their said intention instead of a proper form of chattel mortgage; that no note was given to evidence said debt.

"Wherefore plaintiff prays judgment against the defendants, and each of them, for the sum of Eleven Hun-

dred Dollars ($1,100.00), together with interest there-
on at the rate of 10% per annum from August 3, 1921,
and for the costs of this action; and that the aforesaid
instrument in writing so executed and delivered by the
defendant Milton Bowerman to the plaintiff as afore-
said be held, construed and adjudged to be a chattel
mortgage upon the said Jumbo truck and that the same
be foreclosed. . . . ''

The defendants having been regularly personally
served with summons in the action and having failed
to answer or in any manner appear within the time
prescribed by law, in April, 1923, judgment by default
was by the court rendered against them; which judg-
ment, after reciting due personal service upon the de-
fendants, their default for want of answer and appear-
ance, the plaintiff's waiver of her claim of foreclosure,
and her motion for a personal money judgment against
the defendants as prayed for, reads:

''It is ordered, adjudged and considered that Cather-
ine Aid, the plaintiff herein, do have and recover of and
from the defendants Milton Bowerman and Alberta
Bowerman, his wife, and each of them, jointly and sev-
erally, the sum of One Thousand Three Hundred Nine-
ty-five and 85/100 Dollars ($1,395.85), and the costs of
this action to be taxed, . . . ''

In July, 1923, Mrs. Bowerman filed her petition ask-
ing the modification and setting aside of the judgment
in so far as it in terms is a judgment against her be-
yond the obligation of the community composed of her-
self and Mr. Bowerman. As presented to the superior
court, and as here presented, our problem is, in sub-
stance, whether or not the plaintiff's complaint states
a cause of action supporting personal recovery as
awarded by the judgment against Mrs. Bowerman as
well as against Mr. Bowerman and the community.

We do not fail to recognize the rule invoked by
counsel for Mrs. Bowerman that a default judgment

cannot lawfully award relief in excess of the cause of action set up in the complaint, as has been held by this court in harmony with the rule generally prevailing in other jurisdictions. *Bank of California v. Dyer,* 14 Wash. 279, 44 Pac. 534; *Anderson v. Burgoyne,* 60 Wash. 511, 111 Pac. 777; *Bates v. Glaser,* 130 Wash. 328, 227 Pac. 15; 15 R. C. L. 605. But our present inquiry must also proceed in the light of the equally well-recognized rule that, after the rendering of final judgment in a case, in the absence of any attack upon the complaint for want of sufficient statement of facts constituting a cause of action, which situation is, of course, presented upon default, the complaint will be most liberally construed as stating a cause of action warranting the granting of the relief prayed for. *King v. Ilwaco R. & Nav. Co.,* 1 Wash. 127, 23 Pac. 924; *Montesano v. Blair,* 12 Wash. 188, 40 Pac. 731; *Bishop v. Averill,* 17 Wash. 209, 49 Pac. 237, 50 Pac. 1024; *Hall v. Woolery,* 20 Wash. 440, 55 Pac. 562; *Ramey v. Smith,* 56 Wash. 604, 106 Pac. 160.

Now, does this complaint, viewed in the light of these rules, state a cause of action for personal recovery as against Mrs. Bowerman beyond her liability as a mere member of the community? We have seen that the complaint alleges the loan of the $1,100 to have been made at "the special instance and request of the defendants;" that "said defendants promised and agreed to pay to the plaintiff the said sum of $1,100;" that "the defendant, Milton Bowerman, for and on behalf of himself and of the marital community," executed the instrument claimed to be a chattel mortgage to secure the loan. The use of the word "defendants" unqualifiedly, with reference to the making of the loan and the promise to pay the same, suggests a loan to, and a promise to pay by, both defendants. The allegation that no note was given to evidence the loan and prom-

ise, tends to negative the thought that the promise was made by Mr. Bowerman alone; and herein is where this promise differs from the promise made by the husband alone signing the notes evidencing the obligations involved in *Anderson v. Burgoyne* and *Bates v. Glaser, supra.* The unqualified allegation of the loan to, and promise to pay the same by, the defendants, followed by the separate allegation of the security having been given by Mr. Bowerman in behalf of the community, suggests the thought that the complaint proceeds upon the theory that this was but the giving of community property security for a debt incurred by Mr. and Mrs. Bowerman and each of them. This, of course, could be done without in the least lessening the separate personal obligation of Mrs. Bowerman. In addition, we have the prayer for a personal money judgment "against the defendants and each of them."

Seeking to avoid our consideration of the language of the prayer, in aid of the ascertaining of the meaning of the language of the allegations in the body of the complaint, counsel for Mrs. Bowerman invoke the general rule that the prayer of a complaint is no part of the statement of the cause of action, citing: *Meeker v. Gilbert,* 3 Wash. Terr. 369, 19 Pac. 18; *Smith v. Allen,* 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 82; and *Watson v. Glover,* 21 Wash. 677, 59 Pac. 516.

While a cause of action must be stated in the allegations of the complaint, when the allegations are in a measure ambiguous and susceptible of being construed as stating a cause of action as well as susceptible of being construed to the contrary, and it is plain that the allegations do not affirmatively show that the plaintiff cannot recover, as appeared by the allegations of the complaints in *Anderson v. Burgoyne* and *Bates v. Glaser, supra,* in so far as recovery against the wife personally was involved, it is not out of place to notice

the language of the prayer for relief, as an aid in ascertaining the meaning of the language of the allegations made to constitute the cause of action. We think there is nothing in our decisions above noticed negativing the view that the language of the prayer for relief may be looked to as an aid in the interpretation of the language of the allegations to this extent. Numerous authorities might be cited lending support to this view. From among the decisions containing observations in harmony with this thought we note the following: *Keens v. Gaslin,* 24 Neb. 310, 38 N. W. 797; *North Side Loan & Building Society v. Nakielski,* 127 Wis. 539, 106 N. W. 1097; *O'Brien v. Fitzgerald,* 143 N. Y. 377, 38 N. E. 371; *Gates v. Sweet,* 58 Ind. App. 689, 108 N. E. 881; *Green v. Davis,* 67 Colo. 52, 185 Pac. 369; *State ex rel. Brinkman v. McElhinney,* 216 S. W. (Mo.) 521.

We conclude that the liberal rule of construction applicable to the determination of the question of whether or not the complaint constitutes a cause of action supporting a default judgment rendered thereon, calls for our holding that this complaint does state a cause of action against Mrs. Bowerman personally, as well as against her and Mr. Bowerman as members of the community; especially in view of the light thrown upon the allegations of the complaint by the language of the plaintiff's prayer for judgment, plainly giving Mrs. Bowerman notice that personal separate judgment would be claimed against her upon the allegations of the complaint, as well as against Mr. Bowerman and the community.

The judgment denying Mrs. Bowerman's prayer for modification and setting aside of the judgment is affirmed.

MAIN, C. J., PEMBERTON, BRIDGES, and TOLMAN, JJ., concur.