[No. 19487. Department Two. February 1, 1926.]

VICTOR BARR, *Appellant,* v. LLOYD COMPANY, *Respondent.*[1]

[1] SALES (180)—CONDITIONAL SALES—WAIVER OF CONDITION OF FORFEITURE—TAKING NEW SECURITY OR NOTES—ELECTION. A vendor is not shown to have elected to treat notes for deferred installments as payments on a conditional sales contract, thereby waiving the right to retake the property, by the fact that, being in need of ready money and the vendee, long in default, being unable to pay, trade acceptances were given and banked for the temporary accommodation of both parties, without any intent to waive the conditions of the sale.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered January 31, 1925, dismissing an action for conversion, tried to the court, upon sustaining a challenge to the legal sufficiency of plaintiff's evidence. Affirmed.

*Oliver Anderson* and *Clarence J. Coleman,* for appellant.

*E. C. Dailey* and *A. E. Dailey,* for respondent.

MITCHELL, J.—This action was tried to the court without a jury. Upon motion of the defendant at the conclusion of the plaintiff's case, the court held that the evidence was insufficient to justify any recovery, and dismissed the action. The plaintiff has appealed.

The respondent, The Lloyd Company, a corporation, sold and delivered to the appellant, Victor Barr, by conditional sale contract, certain saw mill machinery. A cash payment was made at the time of the sale. The balance of the purchase price was to be paid in two installments, each in the sum of $297.27 with interest, due, one on March 2, 1920, and the other May 2, 1920. Promissory notes were given by the purchaser as evi-

dence of the deferred payments. The deferred pay-
ments not having been made, the respondent, exercising
its rights under the terms of the conditional sale con-
tract, took possession of the machinery in December,
1921, and sold it to a third party. Thereafter, this
action was brought to recover a money judgment
against the respondent, the contention being that the

"respondent elected to waive the conditional sale con-
tract by various note transactions and thereby vested
full title to the property in appellant; and, for that
reason, the subsequent repossession of it under the
contract, and its resale by the respondent to a third
party, constituted a conversion which appellant might
waive, and, by ratifying the sale, sue the respondent
on an implied contract for the proceeds of the sale."

The note transactions referred to were, in substance,
as follows: On November 11, 1920, nearly five months
after default in the deferred payments of the purchase
price of the property, the appellant was indebted to
the respondent on the contract, including interest, and
on open account for other goods, in the total sum of
$496.91. On that day the respondent drew a trade
acceptance or bill of exchange in that sum on the appel-
lant, who accepted it in writing on the instrument. It
was payable January 11, 1921. It was placed in a bank,
and the amount credited by the bank to the respondent.
On January 10, 1921, the trade acceptance was taken
up at the bank by the payment of money by the appel-
lant, so as to reduce the amount to $340 for which a
new sixty days' note was executed by both the appellant
and the respondent and given to the bank. On the ma-
turity of that note, March 11, 1921, it was taken up by
the payment of money by the appellant so as to reduce
the amount to $240, in which amount a sixty days' note
was made by the parties and given to the bank. This
note, upon maturity, was paid by the respondent and,

notwithstanding repeated demands, the appellant failed
or refused to make payments, saying to the respondent
that he was unable to pay it. Afterwards, the respond-
ent took the property and sold it to a third party. The
amount unpaid by the appellant was in excess of the
total amount due for goods sold on open account. These
are the note transactions, from which it is argued that
appellant's relations with them vested full title to the
machinery in the appellant. We shall later refer to
these same transactions.

[1] Counsel say that, by the note transactions, the
respondent waived its rights under the conditional sale
contract. As said in *Winton Motor Carriage Co. v.
Broadway Automobile Co.*, 65 Wash. 650, 118 Pac. 817,
37 L. R. A. (N. S.) 71:

"An examination of the authorities will show that
there are several ways in which the seller under con-
ditional sale contracts may so act that the law will
impute therefrom to him an election to waive the con-
ditions of the sale, resulting in title passing to the pur-
chaser."

The "underlying principle" being "that an election
to hold the purchaser personally bound as a debtor
owing the purchase price results in such election vest-
ing title in the purchaser." And, as further stated,
it is inconsistent to say that the absolute title re-
mains in the seller and, at the same time, the pur-
chase price be an enforcible obligation in debt against
the purchaser. In the present case, if the respondent
had assigned to the bank one or both of the original
notes given at the time of the execution of the con-
ditional sale contract, the case would be similar to the
*Winton Motor Carriage Company* case, except in that
case the rights of a third party were involved, while
such is not the case here. Or, if the respondent had
sold and transferred or brought suit on one or both of

the notes given at the date of the conditional sale contract, or had brought suit independent of those notes to recover the purchase price or any installment of it, it might well be contended that the respondent, by that election of remedies, had treated the sale as an absolute one. *Ramey v. Smith,* 56 Wash. 604, 106 Pac. 160; *Eilers Music House v. Douglas,* 90 Wash. 683, 156 Pac. 937, L. R. A. 1916E 613; *Norman v. Meeker,* 91 Wash. 534, 158 Pac. 78, Ann. Cas. 1917D 462.

But this is a different kind of a case. It is one in which, as counsel for appellant say in referring to the "note transactions," the transactions were had "to give respondent some ready money." They were not intended to supersede the original notes given at the date of the sale, nor any part of them, still held by the respondent; nor were they given as payment for the balance due on the purchase price of the property. Respondent was urging payments long overdue, which appellant could not make, and this plan was adopted as a means to tide both parties over for a time. An officer of the respondent, called as a witness by the appellant, testified that, in making and negotiating the trade acceptance and the two subsequent notes, appellant and respondent went to the bank together and made the arrangement, and that, in the commencement, it was understood that the respondent was surety for the appellant; and that the appellant could not get money from the bank without respondent signing the paper. This testimony was not disputed. Whatever payments were made by the appellant on those notes were credited by the respondent on account of the conditional sale contract. After respondent paid the last one of the provisional notes at the bank it appears respondent insisted to the appellant that if the balance due was not paid, the respondent would be compelled to take the

property under the terms of the contract, and that at no time appellant denied that right.

As pertinently remarked by the trial judge in passing on the evidence in this case, a conditional sale vendor and vendee, such as these parties, may, by their own agreement relative to the raising of money—by their own action—have such dealings as they see fit, without the vendor being held to have elected to treat the vendee as an absolute purchaser.

The transactions at the bank were nothing more nor less than a mutual arrangement by the appellant and the respondent acting in concert, for temporary purposes accommodating to both parties, and were never intended as, nor did they have the effect in law of imputing to the respondent, a waiver of the conditions of the sale and passing to the appellant the title to the property.

Affirmed.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.