[No. 139.   Decided December 19, 1890.]

## THE TACOMA LAND COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF PIERCE COUNTY.

MUNICIPAL CORPORATIONS—ROAD TAXES—GENERAL LAWS.

Section 3 of the act approved February 4, 1886, incorporating the city of Tacoma, which provides that the county commissioners of Pierce county shall have no jurisdiction to assess, levy or collect any road property or road poll tax upon the property or inhabitants of said city, is not repealed or affected in any way by the general act approved March 28, 1890, providing "for the assessment and collection of taxes in the State of Washington," nor by the act of March 7, 1890, "to provide for keeping highways in repair."

A special act incorporating a municipality, and conferring upon it unusual powers and duties, is not impliedly repealed by a subsequent general statute treating at large of the whole subject of which the special statute treats in part, although the general statute may contain words repealing all acts and parts of acts in conflict with its provisions. Such subsequent general legislation must be clearly applicable to the provisions of the charter, in order to. modify or abrogate them.

The prohibition of the state constitution against special legislation incorporating cities and towns is prospective in its operation, and does not affect existing special charters.

*Certified from Superior Court, Pierce County.*

*L. D. Campbell,* for appellant.

*W. H. Snell,* County Attorney, for appellee.

The opinion of the court was delivered by

STILES, J.—This cause was submitted to the court be-low upon an agreed case, in pursuance of chapter 26 of the code, and it comes here under certification from that court, under § 453.

It appears, from the record certified thus, that § 3 of chapter 1 of the act of the legislature approved February 4, 1888, which was a special act incorporating the city of Tacoma in Pierce county, contained the following pro-visions:

"SEC. 3. The corporate city limits aforesaid shall not be included within any road district, nor shall the county commissions of Pierce county have any jurisdiction to as-sess,levy or collect any road property or road poll tax upon the property or inhabitants therein; and so much of any county public road as lies within said corporate limits,shall be kept in repair by the council of said city. But the said council may, by ordinance, vacate any such road or parts thereof, and conform the same to opened and established streets. Said city shall be a separate and independent road district under the exclusive control of the said city corpo-ration. All road taxes, whether road poll or road property taxes, levied, assessed or collected within the corporate limits of said city, shall belong to said city, and be ex-pended therein under the authority and direction of the city council thereof, upon county roads or parts thereof lying within said city limits, and upon the streets, high-ways and alleys of said city. The city may appropriate from its general municipal fund money to aid in the opening of streets, or work upon roads or bridges, or the construction or repair of wharves, docks, piers or landing places within the city limits, but the said city shall not be entitled to receive from the county of Pierce any appro-priation of county funds in aid of roads or bridges within the corporate limits of said city."

Since the passage of the foregoing act, therefore, the city of Tacoma has constituted an independent road district within the county of Pierce, burdened with the duty of keeping in repair the public roads within its corporatelim-its from funds levied and collected under its own authority.

No road or poll taxes have been, in the meantime, levied by the county of Pierce upon the property or the citizens of Tacoma, but the jurisdiction for such purposes has been conceded to be in the municipal authorities. But in this year the commissioners of that county, claiming authority under the act of March 28, 1890, have levied and are proceeding to collect a road property tax and poll taxes from property and persons in the city of Tacoma, of which complaint is made; and the propositions we have submitted here are accordingly as follows:

1. Does the said act repeal the special act incorporating the city of Tacoma?

2. Should the said tax be levied upon the property within the limits of the city of Tacoma?

3. Should it be levied upon the property within the corporate limits of other incorporated towns within the county of Pierce?

4. What disposition should the board of county commissioners make of taxes so levied?

These queries were presented to this court hastily, and out of the usual order, and without briefs, but on account of their public importance we have considered them in this somewhat unsatisfactory way, and as the result of this consideration we are constrained to answer the several propositions thus:

1. Neither the act of March 28, 1890: "An act to provide for the assessment and collection of taxes in the State of Washington," nor the act of March 7, 1890: "An act to provide for keeping highways in repair," etc. (Acts of 1890, pp. 530 and 617), repeal or affect § 3 of chapter 1 of the act of February 4, 1886, for the incorporation of the city of Tacoma.

2. The said levy of taxes for road purposes should not have been levied upon property or persons within the limits of the city of Tacoma.

3. The question proposed as to other incorporated towns in Pierce county is scarcely material under the case sub-

mitted; suffice it to say, therefore, that the same principles which govern in this instance would naturally govern in the case of any other incorporated town having a charter in substance like that of Tacoma.

4. The board of county commissioners of Pierce county, should, to avoid litigation, expense and a multiplicity of suits, so far as in its power lies, recall and rescind its action in levying said taxes, and in causing the treasurer of said county to collect the same.

The principle upon which we rest our decision in this case is, that a special act incorporating a municipal corporation, or conferring upon it unusual powers and duties, is not impliedly repealed by a subsequent general statute which treats at large of the whole subject of which the special statute treats of a part, although the general statute contains words repealing all acts and parts of acts in conflict with its provisions. Endlich, Interp. St., § 228; *City of Harrisburg v. Sheck*, 104 Pa. St. 53.

It is only when the two acts are so glaringly repugnant to, and radically irreconcilable with, each other as to render it impossible that both can stand, that this rule ceases to be applicable. Endlich, Interp. St. § 230. But such is not the case here. The general law for the raising of revenue and the maintenance of roads is substantially the same as it was before the acts of 1890 were passed. True, § 2970 of the code contained an express exception from the operation of the chapter on roads of all cities and towns, whose charters vested in them the sole power to provide for and control the matter of roads within their limits. But this special law would have had full force without that exception thus declared, and it still has full force, although the exception was omitted from the act of March 7, 1890.

The constitutional prohibition against special legislation to incorporate any town or village, or to amend the charter thereof, has no bearing upon this matter. Such constitutional enactments are purely prospective. They do not

affect existing special charters. The city of Tacoma con-
tinued, and would continue, to hold its special charter, in
all its features not necessarily repugnant to other consti-
tutional provisions, until subsequent general legislation,
clearly applicable to it, should modify or sweep away its
charter.    And we hold that there has been no such ap-
plicable legislation.

It appears by the case before us that in November last
the inhabitants of Tacoma, under article 11, § 10, of the con-
stitution, and the act of March 24, 1890, adopted a munic-
ipal charter of their own, whereby the act of 1886, and all
acts amendatory thereof, and special laws inconsistent with
the new charter, were superseded, and this is urged as ope-
rating as a repeal of the special road district feature of
that city.    But whatever may be the relations of the city
of Tacoma, under its new charter, to the general laws of
the state, and whether it has now forfeited the powers and
been relieved of the duties imposed by the act of 1886, and
whether the commissioners of Pierce county would now
have the jurisdiction claimed, are not matters material·to
this inquiry.    These taxes were levied in August, 1890,
when the board did not have jurisdiction, and no subse-
quent change in the charter of the city of Tacoma could
cause any jurisdiction which they would now have, to
revert to a time when the law forbade the exercise of any
such authority.

For these reasons the cause is remanded to the court
below, with instructions to enter a decree restraining the
board of commissioners of Pierce county from collecting,
or attempting to collect, the said taxes, and commanding
them to strike said taxes from the tax levy of Pierce
county, as to all property and persons taxable within the
city of Tacoma.

Costs to the appellant.

ANDERS, C. J., and HOYT and DUNBAR, JJ., concur.

SCOTT, J., not sitting.