[No. 402.  Decided April 7, 1892.]

P. J. FRANCIOLI, *Respondent*, v. JOHN A. BRUE, *Appellant.*

APPEAL—POINT NOT STATED IN BRIEF—BILL OF EXCEPTIONS—EVIDENCE—
                        PRESUMPTIONS.

' Although a complaint may not state a cause of action, if that
ground of reversal is omitted from appellant's brief and is not
urged until oral argument on appeal, the supreme court will not
pass upon the point.

Although a certain writing has been admitted in evidence over the
objection of appellant, and the exceptions in the record, when con-
strued alone, indicate its inadmissibility, yet, where the circum-
stances surrounding its execution and the condition of the parties
at the time it was executed are not set out in the bill of exceptions,
the supreme court must presume that all such circumstances and
surroundings as would justify such introduction appeared in the
proofs at the trial.

*Appeal from Superior Court, Snohomish County.*

The facts are stated in the opinion.

*Ault & Munns,* for appellant.

*Brown & Brownell,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Counsel for appellant on the oral argument here urges as one of the reasons for reversal that the complaint does not state facts sufficient to constitute a cause of action. This point is not made in his brief and for that reason its consideration is objected to by counsel for respondent. The statute provides that this question may be raised at any time. This provision must, however, be reasonably construed, and thus construed we think it must be held to mean simply that such question can be raised at any time in the orderly course of argument. What is such orderly course of argument? All points relied upon on appeal are required to be stated in the briefs of the respective parties; the briefs are, in fact, the formal presentation of the cause, and when all are on file in a particular case, such case is fully made up and cannot thereafter be added to without the consent of all parties and the court. The question of jurisdiction of the subject matter can afterwards be raised without such consent, as it stands upon exceptional grounds, and the right to raise it cannot be waived. The question of the sufficiency of the complaint is not one of jurisdiction. By failing to suggest it in his brief appellant lost the right to insist on it.

Appellant suggests two other grounds for reversal, the first growing out of the admission of a certain writing in evidence against his objections; and second, out of the refusal of the court to grant his motion for a non-suit upon the completion of the plaintiff's principal case. These questions have been argued with ability, and the authorities tending to sustain the point which the brief assumed to have been raised by the record diligently collected, and if the record here was sufficient to raise the questions thus argued by counsel, a very interesting and important question would be before us for decision. But as we view the

record it is insufficient to raise the questions thus argued, or any other question upon which this court could reverse the cause. It is true that by liberal interpretation of the bill of exceptions contained in the record it may appear therefrom that the defendant objected to the introduction of the instrument in writing therein set out, but the circumstances surrounding the execution of said writing, and the condition of the parties at the time it was executed, as shown by the proofs, or as they might have been so shown, are not set out in the least degree in said bill of exceptions, and as there might have been such conditions surrounding the making of the contract therein referred to as would have justified the admission of such writing in evidence even, although when construed alone it could only be interpreted as contended for by the appellant, this court must presume that all such circumstances and surroundings as would justify such introduction appeared in the proofs in the case. What has been said as to the admission of this instrument in evidence substantially applies to the refusal of the court to grant defendant's motion for a nonsuit. Said motion assigns as its only ground the fact that said instrument in writing was the only written instrument offered in evidence by the plaintiff. But even if such fact appears from the bill of exceptions, there is nothing in the record to negative the idea that there was evidence of such transactions between the parties as would justify the action of the court in refusing the motion, and in support of the ruling of the lower court, we must presume every necessary fact not expressly negatived by the record.

The judgment appealed from must be affirmed.

ANDERS, C. J., and STILES and DUNBAR, JJ., concur.

SCOTT, J., concurs in the result.