|No. 2431.   Decided March 22, 1897.]

THOMAS B. HARDIN, *Receiver, Respondent,* v. DENNIS
MULLIN *et al., Appellants.*

DEMURRER—WAIVER—ACTION ON STOCK SUBSCRIPTIONS—PLEADING—
DEFENSES—APPEAL—HARMLESS ERROR—OBJECTIONS NOT RAISED
BELOW.

The defendant cannot raise the objection on appeal that the
complaint fails to state a cause of action, when he has demurred on
that ground in the lower court and subsequently waived his
demurrer, answered and gone to trial upon the merits.

In an action upon a promissory note given for an unpaid sub-
scription to the capital stock of a corporation, it is unnecessary for
the complaint to allege that the capital stock had been fully sub-
scribed and a call for assessments properly made, as the burden of
proof rests on defendants to show failure in such matters.

A joint subscription by trustees of a corporation for the purpose
of completing the subscription for the capital stock is an enforcible
contract.

Where it clearly appears from the evidence that no other verdict
could have been rendered by the jury under the law, neither error
in refusing requests for instructions, nor the giving of erroneous
instructions, will be regarded as prejudicial.

Errors not urged below cannot be raised for the first time on
appeal.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.   Affirmed.

*Charles F. Fishback* (*Charles E. Shepard,* of counsel),
for appellants.

*Thomas B. Hardin, Pierre P. Ferry,* and *E. B. Palmer,*
for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This was an action on a promissory
note, brought by the receiver of the Farmers' Insur-
ance Company against the appellants.   The complaint

alleged the corporate capacity of the Farmers' Insurance Company, the coverture relations existing between the defendants, Dennis Mullin and Margaret Mullin; the fact that Dennis Mullin and Margaret Mullin were the owners and holders, as community property, of seventy-five shares of the capital stock of the said Farmers' Insurance Company, of the par value of $100 per share; that upon said stock, prior to the first day of May, 1893, there had been called by the board of trustees of said corporation ten per cent. of the par value thereof, to wit, the sum of $750, which amount had been paid by and for the said defendants, Dennis Mullin and Margaret Mullin, to said corporation; that prior to said first day of May, 1893, there had been called in by the board of trustees of said corporation a further fifteen per cent. of the par value of said stock, which said call or assessment, together with the whole of the par value of said stock except the sum of $750, or ten per cent. thereof, was due from said defendants to said corporation, and wholly unpaid; that on the said first day of May, for and representing a part of said fifteen per cent. assessment, the said defendants, Dennis Mullin and John Mullin, for a valuable consideration, made, executed and delivered to said Farmers' Insurance Company their certain promissory note in writing, whereby they promised to pay on demand, after said first day of May, 1893, to the order of said Farmers' Insurance Company, the sum of $1,100, with interest at the rate of six per cent. per annum. The note is set out in the complaint, and provides for a reasonable attorney's fee in case of suit to collect the same. Demand and non-payment are alleged; also the appointment of the respondent as receiver of the insurance company, and that as receiver he is the owner and holder

of said promissory note. To this complaint the defendants interposed a demurrer, to the effect that it did not state facts sufficient to constitute a cause of action. The demurrer was afterwards waived by the defendants, and an answer was filed denying the legal organization of the company, and alleging affirmatively that the defendants were induced to sign the note by misrepresentation and fraud upon the part of the plaintiff. On these issues the case was tried, resulting in a verdict for the plaintiff and judgment thereon.

The appellants have been industrious in citing cases to sustain their contentions of error in this case, but it seems to us that the questions at issue here have been settled by decisions of this court. In the first place, we think that this complaint, with the historical part eliminated, is a simple action on a promissory note, and that many of the objections raised by the answer could not be pleaded. The complaint, it is true, recites the fact of the ownership of this stock on the part of the appellants, and the calls on the part of the respondent, which finally resulted in the execution and delivery of the note sued upon; but this is in reality the recitation of facts which culminated in the execution of the contract, and it is claimed by the respondent that the recitals were made simply for the purpose of showing the community relations existing between Dennis Mullin and Margaret Mullin, so that the case might be brought within the rule announced by this court in *Horton v. Donohoe-Kelly Banking Co.*, 15 Wash 399 (46 Pac 409), and *Gund v. Parke*, 15 Wash. 393 (46 Pac. 408). But even considering the complaint from the appellants' standpoint, the objection, that the complaint did not state facts sufficient to constitute a cause of action, was waived

by the withdrawal or waiving of the demurrer which raised that question.

In *Mosher v. Bruhn*, 15 Wash. 332 (46 Pac. 397), upon this proposition, this court said:

"Counsel for the respondents insist that the appellant cannot be heard to urge this objection, claiming that it waived its demurrer in the lower court by neglecting to bring it on for hearing and by putting in an answer and proceeding to trial upon the merits. We think this contention must be sustained. The record fails to show that the attention of the lower court was ever called to the demurrer. It does not show that the appellant sought or obtained any ruling from the lower court thereon, but does show that it proceeded to litigate with the respondents and the firm of Bruhn & Henry, upon the merits, in which litigation it was unsuccessful. Appellant insists that the Code (§ 193), permits it to raise the point here for the first time. The answer is that it raised it below by demurring, and abandoned the point when it abandoned its demurrer."

This is a stronger case in favor of the doctrine announced, for the demurrer was affirmatively waived, and the respondent was deprived of the right of any amendment which he might have made if the contention had been decided against him.

Aside from this, we think that the complaint was sufficient under the rule announced by this court in *McKay v. Elwood*, 12 Wash. 579 (41 Pac. 919), and *McKenzie v. Oregon Improvement Co.*, 5 Wash. 409 (31 Pac. 748), and that the objections urged against the complaint by the appellants should have been taken by answer, and the burden of proof was upon the appellants to establish their affirmative allegations. *McKenzie v. Oregon Improvement Co.*, *supra*.

An investigation of the record convinces us that the allegation of the answer, that the stock had not

all been subscribed, was not sustained by the proof. The evidence shows that the stock was all subscribed prior to the assessment of August 6, 1890. It is true that at that time the trustees executed a joint subscription for the purpose of completing the subscription for the full capital stock. This was a binding contract when executed, enforcible at law. *Hardin v. Sweeney*, 14 Wash. 129 (44 Pac. 138).

It is urged that the bylaws prohibited any stockholder from acquiring more than fifty shares of stock; but the record shows that this bylaw was not made until after the full capital stock had been subscribed. The subscriptions for the full capital stock it is true were finally completed by the subscriptions of Mrs. Alvord, Mrs. Gardella, Mrs. Holyoke, Mrs. Nancy A. Kincaid, Mrs. Alice E. Kincaid and Mrs. Bowman, and the other subscriptions taken in lieu of the joint note destroyed. The latest of these subscriptions was made July 14, 1890, and the call was not made until August 6, 1890, so that, if the joint subscription note was invalid, the full capital stock was notwithstanding subscribed.

The action of the trustees in transferring a part of their shares to their wives is assailed as fraudulent, by the appellants, but the testimony is fairly conclusive that this transaction, while it may not have been at the instance of the wives, or even with the knowledge of all of them, was afterwards ratified, and that they are responsible for the amount of stock subscribed for them.

So far as the errors alleged in regard to the instructions refused are concerned, it is difficult for this court to determine whether or not the court erred, from the fact that the instruction which was actually given does not appear in the record. But, on the

supposition that no other instruction was given on the subject, we think the instructions, as requested, under the pleadings and the testimony in this case, were properly refused, and that, in any event, such refusal would be harmless error from the fact that no other verdict could have been rendered under the law; and although the instructions of the court may be erroneous, yet, if it affirmatively appears that the error was not prejudicial, the judgment will not be disturbed. *Carroll v. Centralia Water Co.,* 5 Wash. 613 (32 Pac. 609).

As to the third contention of the appellants, viz., that assuming the legality of the subscriptions, the incorporation and the assessments of the company, the plaintiff has not shown any justification for collecting assessments made previous to the company's failure, it appears that this point was not raised in the court below, and, under frequent rulings of this court, it will not be considered here for the first time.

Affirmed.

SCOTT, C. J., and ANDERS, REAVIS, and GORDON, JJ., concur.