[No. 4904.    Decided April 18, 1904.]

W. W. WATSON et al., *Respondents*, v. TOWN OF KENT, *Appellant*.[1]

35    21<br>f37   185

PLEADING—DEMURRER—WAIVER BY WITHDRAWING—OBJECTION TO ANY EVIDENCE.   The objection that the complaint does not state a cause of action, first raised by demurrer, is waived by the withdrawal of the demurrer and answering on the merits, and cannot be subsequently raised by an objection to any evidence.

MUNICIPAL CORPORATIONS—NUISANCE—LIABILITY OF TOWN FOR MAINTENANCE OF PESTHOUSE—RATIFICATION OF ACTS OF OFFICERS. In an action for damages for the establishment and maintenance of a nuisance on plaintiffs' premises, by converting one of their dwellings into a pest house for smallpox patients, a motion for a nonsuit, on the theory that the town was not responsible for the acts of its officers, is properly overruled, where there was sufficient evidence to warrant a finding that the health officer acted with the knowledge and authority of the town council and that his acts were ratified by the town.

MUNICIPAL CORPORATIONS — ACTIONS — PRESENTING CLAIM FOR DAMAGES—WHEN NOT NECESSARY.   In an action for damages for the wrongful act of a town through its qualified agents in establishing a nuisance on plaintiffs' premises, the presentation of a claim is not necessary before bringing suit against the town.

*J. G. Price* (*C. A. Riddle* and *Kirkpatrick, Price & Carver,* of counsel), for appellant, contended, among other things, that a municipal corporation is not liable for tortious or unauthorized acts of its officers. *Spring v. Hyde Park,* 137 Mass. 554, 50 Am. Rep. 334; *Gordon v. Taunton,* 126 Mass. 349; *Lynd v. Rockland,* 66 Me. 309; Dillon, Mun. Corp. (3d ed.), § 972; *Russell v. Tacoma,* 8 Wash. 156, 35 Pac. 605, 40 Am. St. 895.   The only liability of a municipal corporation for acts done in a public capacity and for the public good is that imposed by statute.   Dillon, Mun. Corp. (3d ed.), §§ 949, 976, 977;

[1] Reported in 76 Pac. 297.

Barrows, Negligence, §§ 177-184; *Russell v. Tacoma, supra; Bryant v. St. Paul,* 33 Minn. 289, 23 N. W. 220. There can be no ratification of the act of one who does not act, or pretend to act, for the principal. *Ferry v. Taylor,* 33 Mo. 323; *Crowder v. Reed,* 80 Ind. 1; *Puget Sound Lumber Co. v. Krug,* 89 Cal. 237; *Richardson v. Payne,* 114 Mass. 429; *Pittsburg and Steubenville R. Co. v. Gazzam,* 32 Pa. St. 340; *Commercial etc. Bank v. Jones,* 18 Tex. 811; *Mitchell v. Minnesota Fire Ass.,* 48 Minn. 278, 51 N. W. 608; *Fellows v. Commissioners etc.,* 36 Barb. (N. Y.) 655; *Hammerslough v. Cheatham,* 84 Mo. 13; *Allred v. Bray,* 41 Mo. 44; *McLaren v. Hall,* 26 Iowa 297; *Hamlin v. Sears,* 82 N. Y. 327; *DeBolle v. Pa. Ins. Co.,* 4 Whar. 68. The character of the health office and of the acts would prevent any liability arising therefor, even if ratification were attempted. Dillon, Mun. Corp. (3d ed.), § 975, and notes; *Peters v. City of Lindsborg,* 40 Kan. 654, 20 Pac. 490; *Lorillard v. Town of Monroe,* 11 N. Y. 392, 62 Am. Dec. 120, and notes. It was error to sustain a challenge to jurors who said they were disgusted with the bringing of damage suits without merit, but had no prejudice against a suit with merit. *State v. Croney,* 31 Wash. 122, 71 Pac. 783; *State v. Farris,* 26 Wash. 205, 66 Pac. 412.

*William C. Keith* and *Tucker & Hyland,* for respondents.

Dunbar, J.—This is an action brought in the superior court for King county, Washington, by the respondents, to recover from appellant the sum of $1,000, claimed as damages growing out of the alleged establishment and maintenance of a nuisance on the premises near the dwelling of respondents. The complaint alleges, in substance, that, on the 27th day of January, 1902, the plaintiffs

were residents of the town of Kent; that they had two
dwelling houses, furnished, one of which dwelling houses
was occupied by the said plaintiffs, and the other of
which was situated about eighteen feet from the residence
of the plaintiffs; that on said day the dwelling house
situated next to the residence of these plaintiffs contained
a large amount of furniture, wearing apparel, bedding,
household fixtures, carpets, etc., belonging to the plain-
tiffs; that one room in said house was temporarily occu-
pied by one Samuel Dugar, who about that date became
afflicted with the disease known as the smallpox, and im-
mediately thereafter the plaintiffs notified the council
of the town of Kent, and the authorities, officers, and
agents of said town of Kent, to remove said smallpox
patient from the dwelling house owned by the plaintiffs;
but that, notwithstanding the warning and notice so given
to the authorities, officers, and agents of said town, and
against the express will and desire of these plaintiffs, the
said town of Kent, through its council, officers, agents, and
servants, proceeded to, and did, convert said dwelling
house into a pesthouse, for the housing of other persons
afflicted with said smallpox, and whom the authorities
suspected of being afflicted with smallpox, and quaran-
tined said building, and put a guard upon said dwelling
both day and night, and kept and maintained said house
for a pesthouse for smallpox patients for the period of
sixteen days, and at the end of said time left the said
house in a filthy, dirty, obnoxious, and indecent condition;
whereby it became necessary to destroy a large amount
of personal property, to the damage of the plaintiffs.
And, further, it is alleged that Elizabeth T. Watson, one
of the plaintiffs, at the time of said contagion was in deli-
cate health, and, by reason of said dwelling house being
so converted into a pesthouse, she was subjected to great

physical and mental pain and worry, was troubled and frightened for fear of the infection, and was made nervous, sick, and hysterical, and was, at the time, rendered unable to attend to her household duties, necessitating the hiring of a nurse and other expenses, the damages altogether alleged amounting to the sum of $1,000. The answer was a denial of all the allegations of the complaint. A trial was had to a jury, and verdict was rendered in favor of plaintiffs for $650. Judgment was entered upon said verdict, and from such judgment this appeal is taken.

It is contended by the appellant that the town, under the allegations of this complaint, is not responsible to the respondents for damages that might have resulted from the action of the officers of the town, and that the complaint does not state a cause of action against the town. Whether, under the allegations of the complaint, the town would be liable, we are not called upon to decide, for a demurrer—to the effect that the complaint did not state a cause of action—was interposed to the complaint, and was afterwards waived by the defendant, which answered and went to trial upon the merits. This being true, the question of the sufficiency of the complaint cannot be raised on this appeal, under the rule announced in *Mosher v. Bruhn,* 15 Wash. 332, 46 Pac. 397, where it was held that, where the objection that the complaint does not state a cause of action had been raised in the lower court by demurrer, and the demurrer had been subsequently waived, the defendant could not raise the objection of insufficiency of the complaint on appeal, as Code of Procedure, § 193, permitting the defendant to raise the objection, at any stage of the proceedings, that the complaint does not state a cause of action, has no application to cases where the point has been once raised in the lower court by demurrer, and then abandoned. This doctrine was again announced

in *Hardin v. Mullen,* 16 Wash. 647, 48 Pac. 349, and we have no disposition to depart from the rule there announced.

It is true that, in the case at bar, practically the same question was raised by the defendant by objecting to any testimony being offered under the complaint, for the reason that it did not state a cause of action. But this objection, having been specially withdrawn by the waiver of the demurrer, which was the proper method of raising the question, must be considered to have been waived for all time. And, if the question could not again be raised in this court, there is no good reason apparent why it should be raised again in the court below. It might be that, if, after the introduction of all the testimony of the plaintiffs, the whole testimony did not show that a case had been made out which would bind the town, this question could be raised by a motion for nonsuit; and a motion for nonsuit was made by the appellant in this case, but not upon the ground that the complaint did not state a cause of action, or that the evidence would not sustain a verdict, so far as the allegations of the complaint were concerned. An examination of the testimony shows that the proof was practically as broad as the allegations.

The questions raised by the motion for nonsuit, we think, were properly decided by the court against the appellant, the principal contention there being that the officers acted without any authority or direction of the appellant, and that there was no sufficient act of ratification on the part of the town. We think the testimony fully sustained the judgment in this respect, and it is clear to our minds, not only that the health officer acted with the knowledge and authority of the town council, but that all his acts were ratified by the town. In any event, there was sufficient testimony offered on this sub-

ject to go to the jury. All the other questions raised by the motion for nonsuit were questions which were properly submitted to the consideration of the jury.

We think the court did not abuse its discretion in sustaining challenges to the jurors mentioned in the 1st, 2d, 3d, 4th, and 5th assignments, and that no prejudicial error was committed by the introduction or rejection of testimony, or by the giving or refusing to give instructions.

It is contended by the appellant that the presentation of the claim for damages required by the statute was not made in this case, the complaint having alleged the presentation of the claim, and the allegation having been denied by the answer. But, as we view this complaint—it being for the wrongful act of the town through its qualified agent—the presentation of a claim was not necessary, under the rule announced in *Sutton v. Snohomish*, 11 Wash. 24, 39 Pac. 273, 48 Am. St. 847.

The judgment is affirmed.

FULLERTON, C. J., and MOUNT, HADLEY, and ANDERS, JJ., concur.