(No. 5526. Decided August 9, 1905.)

L. H. HUGGINS, *Respondent,* v. W. E. SUTHERLAND, *Respondent,* L. M. PHILPOTT *et al., Appellants.*[1]

ACTIONS — MISJOINDER — PRINCIPAL AND SURETIES — JUDGMENT IN DIFFERENT SUMS—APPEAL—REVIEW—HARMLESS ERROR. Upon appeal from a judgment against the principal and sureties on a bond, a misjoinder of causes of action cannot be asserted from the fact that judgment was rendered in different sums against the principal and the sureties, where the record of the trial is not brought up and the defect does not appear on the face of the complaint, and where the error appears to be in favor of appellants.

[1] Reported in 82 Pac. 112.

INDEMNITY—BONDS—OF CONTRACTOR ON PUBLIC WORK—DEFENSES—
RUNNING TO CITY—MISTAKE OF OBLIGORS.  The principal and sureties
upon a contractor's statutory bond given to a city to protect laborers
and materialmen upon a public work, cannot take advantage of a
mistake whereby the bond runs to the city, instead of to the state
as required by statute.

SAME—ACTION BY MATERIALMEN—FILING CLAIMS WITH CITY—RE-
LEASE OF SURETIES.  Materialmen who furnished material to a con-
tractor upon municipal work cannot maintain an action against the
sureties upon the contractor's statutory bond, unless, within thirty
days after the completion of the contract, they filed their claims with
the city council, as required by Laws 1899, p. 172; such notice being
for the benefit of the sureties, and failure to give the same operating
to discharge them.

Appeal from a judgment of the superior court for Adams
county, Neal, J., entered April 6, 1904, in favor of the plain-
tiff, upon the default of the defendants to appear at the trial,
in an action upon a contractor's statutory bond.  Reversed.

*Zent, Lovell & Linn,* for appellants.

MOUNT, C. J.—This action was brought upon a con-
tractor's bond for the construction of public improvements
for the town of Lind, a municipal corporation.  From a
judgment in favor of plaintiff, the defendants who were
sureties upon the bond have appealed.

The complaint alleges two causes of action.  The first is
as follows:

"(1)  That on the 29th day of May, 1902, defendant
W. E. Sutherland made and entered into a certain contract,
in writing, with the town of Lind, a municipal corpora-
tion, for the furnishing of the material and the construction
of a bridge on Van Marter avenue, in the town of Lind,
across the stream of the Lind Coulee, and it was then and
there agreed between the said town of Lind and W. E. Suth-
erland that the said W. E. Sutherland should furnish all
labor and materials entering into the construction of and
completion of said bridge, for the sum of $800, which the
said town of Lind then and there agreed to pay.

"(2)  That on the said 29th day of May, 1902, the said
W. E. Sutherland, for the security of the said town of Lind,

and to protect it against liens for material and otherwise, and in accordance with the contract hereinbefore alleged, and in pursuance with the statutes of Washington, in such cases made and provided, made, executed and delivered his certain bond of indemnity, with Wm. Verdenius and L. M. Philpott as surety on said bond, in the penal sum of $600, and the said defendants Wm. Verdenius and L. M. Philpott then and there executed said bond as surety, and justified to the same in the sum of $600 each, and the said bond was then and there, on the 31st day of May, 1902, delivered to the said town of Lind. That a copy of said bond is hereto attached and made a part of this complaint as fully as though incorporated herein, marked exhibit 'A.'

"(3)    That between the 29th day of May, 1902, and the 28th day of July, 1902, plaintiff furnished materials, to wit: lumber and building hardware to the said W. E. Sutherland, for the construction of said bridge, and which entered into the construction of said bridge, of the value and reasonably worth the sum of $243.87.

"(4)    That no part of said account has been paid, and that plaintiff is the legal owner and holder thereof."

For a second cause of action the complaint alleges, in substance, that a copartnership, consisting of A. Boenig and C. Labes, at the special instance and request of defendant W. E. Sutherland, furnished certain hardware of the reasonable value of $77.70, which hardware was used in the construction of said bridge, and that no part of the account had been paid, and that, prior to the action, the account was assigned by the said copartnership to the plaintiff. The prayer is for the aggregate of the two items above stated.

The complaint did not allege that the plaintiff or his assignor, within thirty days after the completion of the contract and the acceptance of the work, filed a claim with the town council of the said town, as required by 3 Bal. Code, §5927, Laws 1899, p. 172. The bond which is attached to the complaint is as follows:

"Know all men by these presents: That we, W. E. Sutherland as principal and Wm. Verdenius and L. M. Philpott as sureties, are held and firmly bound unto the town of Lind

in the full sum of $600, lawful money of the United States of America, to be paid unto the said town of Lind, or its successors or assigns, to which payment well and truly we bind our, and each of our heirs, executors and administrators, jointly, firmly by these premises. Sealed with our seals and dated this 29th day of May, 1902. The conditions of this are such that, whereas the above bounden W. E. Sutherland was, on the 28th day of May, 1902, awarded a contract for furnishing the material and the construction of a bridge on Van Marter avenue across the stream of Lind Coulee in the town of Lind, according to the plans and specifications now on file in the office of the clerk of said town and the contract to which this is attached, the same to be fully finished and complete on or before the 29th day of July, 1902. Now, therefore, if the said contractors shall, on or before said date, fully complete said bridge as above specified, and shall pay for all materials used therein, and shall not allow lien to attach to said property, then this obligation shall be null and void, otherwise to remain in full force and effect."

The bond is properly signed and verified, and marked filed with the town clerk. The sureties on the bond appeared in the action, and filed a demurrer to the complaint, upon the grounds that there is a misjoinder of parties, and that the complaint does not state a cause of action against them. This demurrer was overruled, and exception allowed to the ruling by the court. The sureties thereupon filed an answer, which was a general denial of all the allegations of the complaint. Thereafter the defendants, failing to appear at the trial, the court entered a judgment against the sureties on the bond for $193.87, upon the first cause of action, and for $77.70 upon the second, and against the principal contractor for the full amount claimed in the complaint.

Appellants contend upon this appeal, (1) that the complaint does not state a cause of action; (2) that the bond is void because it runs to the town, and not to the state; (3) that there is a misjoinder of causes of action, because the judgment against the sureties is in a different sum from

the judgment against the principal. It is sufficient to say, of the last contention, that the defect does not appear upon the face of the complaint. The record of the trial is not brought here, and, if there is error in this respect, such error is apparently in favor of the appellants. It is sufficient to say, of the second contention, that the apparent defects in the bond are evidently mistakes of the principal and his sureties, which they may not now take advantage of.

The first contention is more serious. The respondent has not appeared in this court, and we are not advised of the position which he takes upon the question. The statute provides, at Bal. Code, § 5925, that the contractor shall file such a bond as the one in question, for the protection of laborers and materialmen. Section 5927, as amended in 1899 (Laws 1899, p. 172), provides that the bond mentioned above,

". . . shall be in an amount equal to the full contract price agreed to be paid for such work or improvement, and shall be to the State of Washington, and all such persons mentioned in said section 2415 shall have a right of action in his, her, or their own name or names on such bond, for the full amount of all debts against such contractor, or for work done by such laborers or mechanics, and for materials furnished or provisions and goods supplied and furnished in the prosecution of such work, or the making of such improvements: *Provided,* That such persons shall not have any right of action on such bond for any sum whatever, unless within thirty (30) days from and after the completion of the contract with and acceptance of the work by the board, council, commission, trustees, or body acting for the state, county or municipality, or other public body, city, town or district, the laborer, mechanic or sub-contractor, or materialman, or person claiming to have supplied materials, provisions or goods for the prosecution of such work, or the making of such improvement, shall present to and file with such board, council, commission, trustees or body acting for the state, county or municipality, or other public body, city, town or district, a notice in writing in substance as follows: . . . [Then follows a form of the notice.]

Such notice shall be signed by the person or corporation making the claim or giving the notice; and said notice after being presented and filed shall be a public record open to inspection by any person."

This statute clearly makes the right to maintain the action upon the bond depend upon the notice provided for therein. This provision was for the benefit of the sureties on the bond. Their liability thereon ceased as to the class of persons designated, if no such notice or claim was filed within the time. It was therefore incumbent upon the plaintiff to allege and prove the fact that such notice was given within the time, because that fact was a necessary one to give a cause of action. Without such fact, no action could be maintained by the plaintiff, under the express terms of the statute. The complaint, not having alleged this fact, failed to state a cause of action, and the court should have sustained the demurrer.

The judgment is therefore reversed, and the cause remanded, with leave to the respondent to amend his complaint.

CROW, RUDKIN, FULLERTON, and ROOT, JJ., concur.