[No. 6033. Decided August 28, 1906.]

CRANE COMPANY, *Plaintiff and Appellant,* v. AETNA INDEMNITY COMPANY, *Defendant and Appellant,* PACIFIC HEAT AND POWER COMPANY, *Defendant.*[1]

PLEADINGS—DEMURRER—WAIVER. Where a demurrer challenging the sufficiency of the complaint is made and expressly waived, the objection cannot be raised at the trial by objection to the introduction of any evidence.

SAME—TRIAL—MOTION FOR NONSUIT—WAIVER. The waiver of a demurrer to the complaint waives the right to question the sufficiency of the complaint on appeal, but it does not waive the right to question the sufficiency of the evidence by motion for a nonsuit.

SCHOOLS AND SCHOOL DISTRICTS—CONTRACTORS—ACTION BY MATERIALMEN—FILING NOTICE. Materialmen who furnish material to a contractor upon a school building cannot maintain an action upon the contractor's statutory bond, required by Laws 1899, p. 172, unless notice be filed with the school board as required by such statute; since such notice is for the benefit of the sureties.

SAME—EXCUSE FOR FAILING TO FILE NOTICE. Failure of the school district to file with the county auditor the bond required by Laws 1899, p. 172, does not relieve the contractor from filing the notice of his claim with the school board, in order to hold the sureties on the bond, when it is not shown that the contractor had no knowledge of the existence of the bond.

Cross-appeals from a judgment of the superior court for King county, Morris, J., entered August 14, 1905, upon findings in favor of the plaintiff, after a trial on the merits

[1] Reported in 86 Pac. 849.

before the court without a jury, in an action on an indemnity bond.  Reversed.

*Geo. A. Hawley (H. T. Granger,* of counsel), for plaintiff.
*Shank & Smith,* for Aetna Indemnity Company.

MOUNT, C. J.—This is the second appeal in this case. When it was here before we held that the answer was sufficient, and that the sufficiency of the complaint was not raised on that appeal. *Crane Co. v. Pacific Heat & Power Co.,* 36 Wash. 95, 78 Pac. 460. The issues made by the pleadings are stated in that opinion. When the case went back, the answer of the Aetna Indemnity Company was amended so as to deny all liability. In other respects the answer was the · same as stated when it was here before. Upon the issues thus presented the case came on for trial. The Aetna Indemnity Company objected to the introduction of any evidence upon the ground that the complaint did not state facts sufficient to constitute a cause of action against it. The court properly refused to consider the sufficiency of the complaint, because the record shows that a demurrer had been interposed upon that ground and expressly waived. *·Healy. v. King County,* 37 Wash. 184, 79 Pac. 624, and cases there cited. The evidence was then heard by the court and findings made as follows:

"(1)  This is the second trial of this cause. On the original trial in this court plaintiff obtained judgment for the full amount prayed, upon the pleadings then on file, namely, upon the demurrer of plaintiff to the defendant's answer. Defendants appealed, the only assignment of error being that the court erred in sustaining plaintiff's demurrer. The cause was reversed for certain reasons expressed in the opinion of the supreme court. At the close of the evidence of this trial defendants moved for a nonsuit for the reason, as alleged, that the evidence was not sufficient to support the action, viz., for the reason that the evidence did not show that the notice provided in the statute (Pierce's Code, § 6123) has been given. (2) This action was brought by the plaintiff against

the defendants for the sum of eighteen hundred and eleven and 88-100 ($1,811.88) dollars upon a certain bond given by the Pacific Heat & Power Company to School District No. 1 of King county, Washington, to secure the performance of a certain contract entered into between the defendant Pacific Heat & Power Company and said School District upon which bond the defendant, the Aetna Indemnity Company, became the surety, and which bond is fully described and set out in plaintiff's complaint. (3) That at the time of the commencement of this action there was due to the plaintiff from the defendant Pacific Heat & Power Company the full sum of eighteen hundred eleven and 88-100 dollars, for material furnished and which went into the performance of said contract and which was secured by said bond. (4) That before the commencement of this action the defendant, the Pacific Heat & Power Company, had paid to the plaintiff as alleged in the defendant's affirmative answers, the sum of one thousand dollars, which money arose out of the subject-matter of said contract secured by said bond; but that at the time of said payments by the Pacific Heat & Power Company to the plaintiff, it, the Pacific Heat & Power Company, nor any one for it, nor did the Aetna Indemnity Company, inform the plaintiff from whence said money arose, nor did said Pacific Heat & Power Company, nor the Aetna Indemnity Company, direct in any way the application of said payments; that the said Crane Company, nor any of its officers, or agents or servants, knew that said money so paid arose out of the subject-matter of said contract for which said bond stood as surety; that at the time of said payments the defendant, Pacific Heat & Power Company, was indebted to the plaintiff on indebtedness other than that arising out of said contract, and the said plaintiff applied said payments to said other and different indebtedness, leaving the full balance due from the defendant, Pacific. Heat & Power Company, to the plaintiff upon said Warren avenue contract, and bond, the sum of eighteen hundred eleven and 88-100 dollars. (5) That the bond sued upon in this action was not at the commencement of this action, and has not been since, filed in the auditor's office of King county, Washington, as by law provided in such cases."

Upon these findings the court concluded that the plaintiff was entitled to a judgment against both defendants for

$811.88, with interest, and against the Pacific Heat & Power Company for $1,000 and interest, in addition to the first amount named. And also,

"That the defendants are now barred from raising the question of notice provided for by the statute, for the reason that the same was waived in the trial of the original cause and for failure to assign the same as error in their appeal to the supreme court, and for the further reason that the bond provided for in the statute, Pierce's Code, § 6123 (B. C. § 5927), has never been filed in the office of the auditor of King county, Washington."

A judgment was thereupon entered against both defendants for $811.88 and interest, amounting to $918.50, and costs. The Aetna Indemnity Company appeals, alleging that the court erred in refusing to sustain its challenge to the sufficiency of the evidence; and plaintiff appeals, alleging that the court erred in refusing to enter judgment against the Aetna Indemnity Company on the bond sued on for the full amount sued for, viz., $1,811.88, with interest and costs.

This court has uniformly held that, where a demurrer challenging the sufficiency of the complaint has been filed and waived, such complaint will be considered sufficient upon appeal and that § 4911, Bal. Code (P. C. §378), does not apply in such cases. *Francioli v. Brue,* 4 Wash. 124, 29 Pac. 928; *Coats v. West Coast Fire & M. Co.,* 4 Wash. 375, 30 Pac. 404, 850; *Mosher v. Bruhn,* 15 Wash. 332, 46 Pac. 397; *Hardin v. Mullen,* 16 Wash. 647, 48 Pac. 349; *Watson v. Kent,* 35 Wash. 21, 76 Pac. 297; *Healy v. King County,* 37 Wash. 184, 79 Pac. 624. These decisions are based upon the theory that amendments may be made to the complaint, and that the allegations of the complaint will be liberally construed and every reasonable intendment indulged in favor of the pleader. The statutes of this state are liberal in regard to amendments. When a demurrer is sustained, the court has power to grant leave to amend, and where the complaint is not sufficient and no demurrer is filed or a demurrer filed

and waived, the trial court has power on the trial to permit amendments. *Richardson v. Moore,* 30 Wash. 406, 71 Pac. 18. In view of these rules, we have held that § 4911, Bal. Code, does not apply to a pleading where the objection has been waived, but we have not gone to the extent of holding that the waiver of the demurrer prevents a party from challenging the sufficiency of the evidence. In the case of *Watson v. Kent, supra,* we said:

"It might be that, if, after the introduction of all the testimony of the plaintiffs, the whole testimony did not show that a case had been made out which would bind the town, this question could be raised by a motion for nonsuit; and a motion for a nonsuit was made by the appellant in this case, but not upon the ground that the complaint did not state a cause of action, or that the evidence would not sustain a verdict, so far as the allegations of the complaint were concerned. An examination of the testimony shows that the proof was practically as broad as the allegations."

Both parties to this appeal rely on this case. The Aetna Indemnity Company relies upon the first statement quoted, and the Crane Company upon the last statement. Both statements were correct as applied to that particular case, because the facts there alleged and proved were sufficient to make a case which would support a judgment. The last statement would be correct where the allegations of the complaint state a cause of action, or where it has been held on appeal that the complaint was sufficient; but where the sufficiency of the complaint has not been passed upon by the trial court or the appellate court, so that such ruling has become the law of the case, it does not follow that, where the complaint does not state a cause of action or where the parties have had an opportunity to prove a case and the evidence is entirely insufficient, a judgment may be sustained where the evidence is no broader than the allegations of the complaint. The waiver of the demurrer by a defendant waives the right to raise the sufficiency of the complaint; but it does not waive the right

to question the sufficiency of the facts proved on the trial. The courts should liberally construe a complaint and receive any evidence which would make the case sought to be alleged, and consider the complaint as amended if necessary for that purpose, so that no technical advantage might be gained by a defendant who has waived a demurrer. If the facts proved are no broader than the complaint, and liberal opportunity is given to plaintiff to prove a cause under a defective complaint, and he fails, then the question of the sufficiency of the facts proved may be raised by a motion to dismiss or for a nonsuit. Bal. Code, § 5085, subd. 8 (P. C. § 727). In other words, the complaint will be treated as broad as the facts proved, and the sufficiency of the facts will be the test of the cause of action. We think this rule is in harmony with the practice provided for by the statute, and in harmony with the provisions of § 4911, *supra,* to the effect that the objection that the complaint does not state a cause of action may be made at any stage of the proceedings either in the superior court or supreme court. Otherwise this provision of the statute becomes entirely meaningless.

The bond in this case was given by a contractor with the school district, under the provisions of 3 Bal. Code, § 5927 (P. C. § 6123), as amended in 1899 (Laws 1899, p. 172). The plaintiff furnished materials to the contractor. It brought this action to recover on the bond the value of the materials furnished for the prosecution of the work. It was proved upon the trial that no notice was filed with the school board as required by that statute. In *Huggins v. Sutherland,* 39 Wash. 552, 82 Pac. 112, in passing upon the complaint brought under this statute, we said:

"This statute clearly makes the right to maintain an action upon the bond depend upon the notice provided for therein. This provision was for the benefit of the sureties on the bond. Their liability thereon ceases as to the class of persons designated if no such notice or claim was filed within time. It was therefore incumbent upon the plaintiff to allege and prove

the fact that such notice was given within the time, because that fact was a necessary one to give cause of action. Without such fact no action could be maintained under the express terms of the statute."

The fact being proven that the notice was not filed prevented a recovery in this case.

The plaintiff contends, however, that it was excused from filing the notice, because the bond was not filed with the county auditor. The trial court found as a fact that the bond was not filed with the county auditor. But we find no evidence in the record to sustain that finding. The county auditor was not called as a witness. The only evidence upon the question is given by the clerk of the school board, who testified that the bond was given before he came into office; that there were usually two bonds given on all these contracts, one reading to the state of Washington and the other to the school district, and that he did not know whether the bond running to the state was filed with the auditor or not; that the bond in his possession was the one to the school district, which would not be filed with the auditor and was not. This is the substance of all the evidence upon the point that the bond sued upon was not filed with the county auditor. The one sued upon was the one running to the state of Washington, as required by statute. There is no evidence in the record which even remotely tends to show that it was not filed as required by law. But if we were to concede that the bond was not filed with the county auditor, this fact does not relieve the plaintiff from filing the notice required by the statute. The object of filing the bond was to give notice to persons furnishing materials. *Wadsworth v. School District,* 7 Wash. 485, 35 Pac. 371. If appellant had actual knowledge of the fact that the bond was in existence, it was his duty to file the notice within time. There is no proof that he did not have such knowledge. Ample opportunity was given to the plaintiff in this case to prove all the facts necessary to make a case. It did not prove facts sufficient for

that purpose. We conclude, therefore, that the plaintiff failed to make a case against the sureties upon the bond, and that the court erred in giving a judgment for any amount against the Indemnity Company. With this view it is unnecessary to discuss the question presented on the appeal of the plaintiff.

The judgment is reversed, and the cause ordered dismissed as to the appellant the Aetna Indemnity Company.

FULLERTON, DUNBAR, and CROW, JJ., concur.

ROOT, J., having been of counsel, did not participate.