[No. 22008.   Department One.   November 19, 1929.]

B. E. LEE, *Appellant*, v. GORMAN PACKING CORPORATION, *Respondent*.[1]

*Edward F. Medley* and *James Walter Redden,* for appellant.

*Roberts, Skeel & Holman,* for respondent.

MILLARD, J.—This action was instituted to recover for the breach of a contract to brail a fish trap in Alaska. The allegations of appellant's complaint are to the effect that appellant, the owner of a fish trap in

[1]Reported in 282 Pac. 205.

Alaska, contracted with Gorman & Company to fish the trap during the season of 1926. The option on the 1927 catch, included in the contract covering 1926, was assigned to the respondent. A copy of each of the contracts is annexed to, and made a part of, the complaint. Under § 4 of the second contract, the respondent

" . . . agrees to brail and empty said trap not less than once during each and every forty-eight hours during the actual legal fishing periods, such brailing to constitute the corporation's obligation to give said trap efficient service, and failure on the part of the corporation to brail each and every forty-eight hours of legal fishing shall entitle said B. E. Lee to sell such fish not so brailed."

Section 9 of the 1927 contract provides:

"Above conditions are set forth mutually to make clear the working conditions for operation of the trap during the season 1927, and does not abrogate the contract of 1926 in its essential details."

The two contracts recite, among other things, the schedule of prices to be paid for the fish taken from the trap by respondent and the time settlement is to be made for fish delivered. Appellant further alleged that respondent refused to brail the trap subsequent to July 20, 1927, entailing a net loss to appellant of five thousand dollars.

The respondent withdrew its demurrer to the complaint and answered to the merits. By its answer and affirmative defense, the respondent admitted entering into the two contracts pleaded by appellant, and alleged that on July 20, 1927, the appellant advised the respondent that

" . . . he had made other arrangements for the brailing of said fish traps, and thereupon it was mutually agreed by and between the plaintiff and the defendant that said contract should be mutually terminated, . . ."

and the respondent then made payment to the appellant of all obligations owing by the respondent to the appellant by reason of the fishing contract. By reply the appellant denied respondent's allegations.

The cause was tried to the court and a jury. At the close of appellant's case, the respondent challenged the sufficiency of the evidence. That motion was overruled. Respondent's motion at the close of all the evidence for a directed verdict was overruled. Respondent's motion, following the return of the jury's verdict in favor of the appellant, for judgment notwithstanding the verdict, was granted, and judgment dismissing the action was entered March 19, 1929. Appellant moved for reconsideration of the memorandum decision of the court on respondent's motion for judgment notwithstanding the verdict. A second judgment was entered March 30, 1929, wherein it is recited:

" . . . plaintiff moved for a reconsideration of the memorandum decision of the court on defendant's motion for judgment notwithstanding the verdict, and after further oral and written argument being submitted on behalf of both parties, the court on the 18th day of March, A. D. 1929, being fully advised in the premises, announced its decision adhering to its former ruling and granting judgment in favor of defendant notwithstanding the verdict on the sole and only ground as set forth in said written decisions."

The appeal is prosecuted from the judgment entered March 30, 1929.

First confronting us is respondent's motion to dismiss the appeal for the reason that the appellant did not prepare, serve or file any statement of facts or bill of exceptions. Supreme Court Rule VII, adopted January 14, 1927 (Rem. 1927 Sup., § 308-7). The appeal is before us on the clerk's transcript of the record, the evidence not having been brought here for review.

Appellant argues that no question of fact is presented for the consideration of this court; that

" . . . the court had no right to pass on the sufficiency of the complaint to state a cause of action on a motion for judgment notwithstanding the verdict, because the right to object to the sufficiency of the complaint was waived when the respondent withdrew its written demurrer."

The respondent was permitted to withdraw its demurrer and answer to the merits. The demurrer having been withdrawn in the trial court, it must be so considered here. Though, by withdrawal or waiver of its demurrer, the respondent waived its right to challenge the sufficiency of the complaint, the right to question the sufficiency of the facts proved on the trial was not thereby lost.

"This court has uniformly held that, where a demurrer challenging the sufficiency of the complaint has been filed and waived, such complaint will be considered sufficient upon appeal and that § 4911, Bal. Code (P. C. § 378), does not apply in such cases. *Francioli v. Brue,* 4 Wash. 124, 29 Pac. 928; *Coats v. West Coast Fire & M. Co.,* 4 Wash. 375, 30 Pac. 404, 850; *Mosher v. Bruhn,* 15 Wash. 332, 46 Pac. 397; *Hardin v. Mullen,* 16 Wash. 647, 48 Pac. 349; *Watson v. Kent,* 35 Wash. 21, 76 Pac. 297; *Healy v. King County,* 37 Wash. 184, 79 Pac. 624. These decisions are based upon the theory that amendments may be made to the complaint, and that the allegations of the complaint will be liberally construed and every reasonable intendment indulged in favor of the pleader. The statutes of this state are liberal in regard to amendments. When a demurrer is sustained, the court has power to grant leave to amend, and where the complaint is not sufficient and no demurrer is filed or a demurrer filed and waived, the trial court has power on the trial to permit amendments. *Richardson v. Moore,* 30 Wash. 406, 71 Pac. 18. In view of these rules, we have held that § 4911, Bal. Code, does not apply to a pleading where the objection has

been waived, but we have not gone to the extent of holding that the waiver of the demurrer prevents a party from challenging the sufficiency of the evidence. In the case of *Watson v. Kent, supra,* we said:

" 'It might be that, if, after the introduction of all the testimony of the plaintiffs, the whole testimony did not show that a case had been made out which would bind the town, this question could be raised by a motion for nonsuit; and a motion for a nonsuit was made by the appellant in this case, but not upon the ground that the complaint did not state a cause of action, or that the evidence would not sustain a verdict, so far as the allegations of the complaint were concerned. An examination of the testimony shows that the proof was practically as broad as the allegations,' . . . but where the sufficiency of the complaint has not been passed upon by the trial court or the appellate court, so that such ruling has become the law of the case, it does not follow that, where the complaint does not state a cause of action, or where the parties have had an opportunity to prove a case and the evidence is entirely insufficient, a judgment may be sustained where the evidence is no broader than the allegations of the complaint. *The waiver of the demurrer by a defendant waives the right to raise the sufficiency of the complaint; but it does not waive the right to question the sufficiency of the facts proved on the trial.* The courts should liberally construe a complaint and receive any evidence which would make the case sought to be alleged, and consider the complaint as amended if necessary for that purpose, so that no technical advantage might be gained by a defendant who has waived a demurrer. If the facts proved are no broader than the complaint, and liberal opportunity is given to plaintiff to prove a cause under a defective complaint, and he fails, then the question of the sufficiency of the facts proved may be raised by a motion to dismiss or for a nonsuit. Bal. Code, § 5085, subd. 8 (P. C. § 727). In other words, the complaint will be treated as broad as the facts proved, and the sufficiency of the facts will be the test of the cause of action. We think this rule is in harmony with the practice pro-

vided for by the statute, and in harmony with the provisions of § 4911, *supra*, to the effect that the objection that the complaint does not state a cause of action may be made at any stage of the proceedings either in the superior court or supreme court. Otherwise this provision of the statute becomes entirely meaningless.'' *Crane Co. v. Aetna Indemnity Co.*, 43 Wash. 516, 86 Pac. 849.

■ We have uniformly held that a motion for judgment notwithstanding the verdict involves no element of discretion, and can not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence to justify the verdict. However, if the evidence adduced precluded any right of the appellant to recover, the motion of the respondent for judgment notwithstanding the verdict should have been granted. In case of a conflict of the evidence, the motion should be denied, even though the conflict be such that the trial court would be justified in its discretion in granting a new trial. The basis of the motion must be such a state of facts as warrants the granting of the motion without trespassing by the court on the province of the jury.

■ In the case at bar the statement of facts is absent from the record—no statement of facts was prepared by the appellant—therefore we can not review the evidence.

In *Rieper v. General Cigar Co.*, 121 Wash. 427, 209 Pac. 849, the plaintiff assigned as error the granting of judgment notwithstanding the verdict and brought to this court only his own evidence. It is stated in that opinion:

''The only error assigned is that the court erred in so granting judgment. This involves the facts in the case, . . . Should we examine the statement and

find therein some testimony which we might consider as sustaining the verdict, still we could not assume that the trial court erred, because as we said in *Scarpelli v. Washington Water Power Co.*, 63 Wash. 18, 114 Pac. 870, 'While ordinarily, as is said in *Weir v. Seattle Elec. Co.*, 41 Wash. 657, 84 Pac. 597, '' . . . . testimony which is sufficient to carry a case beyond a nonsuit will carry it to the jury at the close of the testimony,'' it must be understood that the court is there speaking of contested or controverted testimony which leaves an issue for the jury to decide. But, as is likewise said in the same opinion: ''Cases may arise in which a plaintiff's *prima facie* case is so fully explained and controverted as to leave no substantial conflict in the testimony, . . .'' In such cases it is the duty of the court to take the case away from the jury, either upon a challenge to the sufficiency of the testimony or on motion for judgment notwithstanding the verdict.'

*''The determination of the question here involved requires a review of the entire evidence, and appellant not having given us an opportunity so to do, we can only refuse to consider the incomplete statement, and in the absence of any contrary showing must presume that the trial court committed no error.''*

We must indulge in the same presumption in the case at bar. To interpret or construe contracts of the character of those pleaded by the appellant, the court should have the light that doubtless the statement of facts would afford. What was the testimony as to breaches of the contract and the meaning of the terms employed by the parties? What communications passed between the parties? Did the parties mutually rescind the contract? In a word, the court should have before it those items of evidence which, if introduced without objection, would amend the contract, and give an interpretation of the contract divergent from what we would gather from a mere reading of the same without the aid of the evidence.

The rule is that, where no statement of facts or bill of exceptions is brought to this court, it will be presumed that the pleadings were amended to conform to the proof. Whether the facts shown upon the trial warranted the granting of respondent's motion for judgment notwithstanding the verdict could only be determined by a review of the evidence which, as stated above, is not before us.

Reference is made in the brief to two memorandum decisions. Such decisions may not, in this court, be made to take the place of, and a substitute for, a statement of facts.

The judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.