[No. 22113. Department One. January 9, 1930.]

HARRY WIEBER et al., Respondents, v. THE CITY OF
EVERETT, Appellant.[1]

O. Duncan Anderson and J. W. Dootson, for appellant.

Charles A. Turner and Louis A. Merrick, for respondents.

BEALS, J.—Plaintiffs, residents of the city of Everett, brought this action against that city to recover damages on account of personal injuries suffered by plaintiff Harry Wieber resulting from his having tripped and fallen on an alleged defective sidewalk, for the condition of which plaintiffs claim defendant

[1]Reported in 283 Pac. 1085.

is responsible. From a judgment entered in plaintiffs' favor upon the verdict of a jury, defendant city appeals.

For convenience, plaintiff Harry Wieber will be referred to herein as though he were the sole party respondent.

Appellant did not move for a nonsuit at the close of respondent's case, nor did it interpose a challenge to the sufficiency of the evidence or ask for a directed verdict at the conclusion of the taking of testimony, but appellant did, after the return of the verdict of the jury, move for a judgment in its favor notwithstanding the verdict, or, in the alternative, for a new trial. Appellant assigns error upon the overruling by the trial court of these two motions and upon the entry of judgment upon the verdict.

It is not contended by appellant that respondent was not injured or that, if appellant is responsible for his injuries, the verdict of the jury in respondent's favor is excessive, but appellant does earnestly contend that there is no competent evidence in the record upon which appellant can be held liable for respondent's injuries.

In the amended complaint, upon which the action was tried, it is alleged that Thirty-fifth street in the city of Everett is a public highway; that on this street was a sidewalk consisting of planks laid end to end, that some of the planks composing this walk had become rotten, warped and twisted and that the end of one plank was raised from three to five inches above the general level of the walk; that respondent tripped over this raised plank, was thrown to the ground and suffered the injuries of which he complains.

Respondent's testimony and that of his wife tended to support the allegations of the amended complaint. On the other hand, witnesses on behalf of appellant

testified that the sidewalk was in good condition and that nowhere therein could they find any condition such as respondent contended existed.

Appellant's argument might well convince a jury that appellant is not liable to respondent, but the jury to which the case was submitted found appellant liable and resolved the facts against appellant's contentions.

As was said in the recent case of *Lee v. Gorman Packing Co.*, 154 Wash. 376, 282 Pac. 205,

"We have uniformly held that a motion for judgment notwithstanding the verdict involves no element of discretion, and can not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence to justify the verdict."

Appellant relies upon the cases of *Grass v. Seattle*, 100 Wash. 542, 171 Pac. 533, and *Davison v. Snohomish County*, 149 Wash. 109, 270 Pac. 422. In the first case cited, it was held that a city was not liable for damages suffered by a pedestrian who tripped over an elevation in a cement sidewalk one and one-eighth inches high in the inner margin, tapering to nothing at the curb. In the other case cited, it was held that a county was not liable for an alleged defective condition of a bridge. In these two cases, it will be noted that there was no dispute as to the condition, in the one case of a sidewalk and in the other of a bridge, which it was alleged rendered the municipality liable to the injured person. In the case at bar, the testimony concerning the condition of the sidewalk at the time of respondent's injury was in dispute, and we cannot say, as matter of law, that if, in fact, the sidewalk was in the condition testified to by respondent, appellant was not liable to a person injured thereby.

From the record before us, we cannot hold that the trial court should have ruled, as matter of law, that

the verdict of the jury was unsupported by competent testimony, and the trial court therefore did not err in overruling appellant's motion for judgment in its favor notwithstanding the verdict.

Appellant next contends that the trial court should have granted its motion for a new trial, because, on the trial of the action, the court refused to permit the jury to inspect the place where the accident occurred. Under the circumstances, it being at least questionable whether the sidewalk at the time of the trial in January, 1929, was in the same condition it was in May, 1928, when the accident occurred, we cannot hold that the trial court committed reversible error in refusing to direct that the jury view the scene of the accident.

Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, C. J., TOLMAN, MILLARD, and PARKER, JJ., concur.